MANN, Judge.
Appellant leased land to appellee for a maximum period of 99 years, with options to purchase designated portions or all on a basis specified in the lease and subsequent agreement. Threatened by notice of cancellation, appellee filed suit for injunctions restraining cancellation, requiring compliance with an option to purchase the entire property and compelling immediate conveyance of small parcels of land not corresponding exactly to the larger parcels subject to option, but like parcels appellant had theretofore released as appellee found customers. The trial court found that it would maintain the status quo to grant not only the restraining order but the “temporary” mandatory injunction.
We define “status quo” differently. To us the restraining order preserves the status quo and was properly entered. A mandatory injunction requiring conveyance to purchasers who are not parties and who cannot be compelled to reconvey disturbs the “status quo” although it is perfectly compatible with the flow of transactions in which these parties have been involved. Appellee has cited no case in which a temporary mandatory injunction compelling conveyance of property to third parties has been upheld. We need not hold that such a case is inconceivable, although we cannot conceive it. It suffices to point out that there is in this case no injury which money cannot assuage. See Fabisinski and Cowart, Injunctive Relief in Florida, 4 U.Fla.L.Rev. 571, 577 (1951); Zetrouer v. Zetrouer, 89 Fla. 253, 103 So. 625 (1925); Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541 (1931); Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365 (Fla.App.1968). Annotation, 15 A.L.R.2d 213.
We have advanced the cause and determined it promptly so that the trial judge may, as the transcript indicates he was about to do when this appeal was taken, raise the bond to an amount adequate to protect appellant without considering the value of leasehold improvements and proceed to determine the issues. He did not abuse his discretion in denying appointment of a receiver.
*890 Reversed in part and remanded with directions to dissolve the mandatory injunction and fix an appropriate bond; affirmed insofar as the order appealed from denied appointment of a receiver and restrained appellant from cancelling the lease pending this litigation.
ALLEN, A. C. J., and PIERCE, J., concur.