424 So.2d 844 (1982)
SUPREME SERVICE STATION CORP., C.G. Service Station, Inc., G.C. Service Station, Inc., M.G. Service Station, Inc., Camy Gomez and Maria Herrera, Appellants,
v.
TELECREDIT SERVICE CENTER, INC., a Florida Corporation, Appellee.
No. 82-1312.
District Court of Appeal of Florida, Third District.
November 23, 1982.
As Amended on Denial of Rehearing January 18, 1983.
Robbins & Reynolds, Coral Gables, for appellants.
Lapidus & Stettin, Miami, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
A civil complaint which alleges that defendant corporation, through its officers, has defrauded plaintiff corporation and is about to remove its assets beyond the jurisdiction of the court does not warrant a temporary injunction. B.L.E. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47 (1931). An action for damages does not become an equitable action simply by requesting an injunction. Ramsey v. Lovett, 89 So.2d 669 (Fla. 1956). Irreparable harm for the purpose of an injunction is not established where the harm can be compensated for adequately by money damages. Sampson v. Murray, 415 U.S. 61, 94 S.Ct. *845 937, 39 L.Ed.2d 166 (1974); Goldberger v. Regency Highland Condominium Association, Inc., 383 So.2d 1173 (Fla. 4th DCA 1980); Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979); Liberty Equities Corp. v. Joe's Creek Industrial Park, 214 So.2d 888 (Fla. 2d DCA 1968).
The orders granting a motion for preliminary injunction and granting motion amending preliminary injunction are both REVERSED.