471 So.2d 1379 (1985)
Glen STADING, Appellant,
v.
EQUILEASE CORPORATION, Appellee.
No. 85-299.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
Robert C. Furr of Furr & Cohen, P.A., Boca Raton, for appellant.
No brief filed by appellee.
GLICKSTEIN, Judge.
This is an appeal from a non-final order granting a temporary injunction. We reverse and remand.
Appellant received insurance monies for damage done to a leased truck owned by appellee. Appellant kept the monies instead of paying for repair of the truck. The trial court granted appellee's petition for emergency relief which requested that the trial court grant a temporary injunction, requiring appellant to deposit the amount of the insurance monies in an account during the pendency of the suit for damages.
To support the award of a temporary injunction, a party must prove (1) irreparable harm, (2) a clear legal right, (3) an inadequate remedy at law, and (4) consideration of the public interest. Dania Jai Alai International, Inc., v. Murua, 375 So.2d 57 (Fla. 4th DCA 1979). In the present case appellee did not allege in his pleadings that he had no adequate remedy at law. The hearing consisted solely of the arguments of opposing counsel, which is, of course, not evidence. Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982). The trial court apparently believed appellant had no adequate remedy at law because it feared that otherwise it was unlikely appellee would recover on his complaint for damages. We believe this confuses the question of the ability to obtain a judgment with the question of the ability to satisfy a judgment. The correct test is, could a judgment be obtained in a proceeding at law, and not, would the judgment procure pecuniary compensation. Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3rd DCA 1979). Since appellee has *1380 not shown he has no adequate remedy at law, we find the trial court erred in granting the temporary injunction.
HERSEY, C.J., and DELL, J., concur.