483 So.2d 476 (1986)
Lewis Lawrence LEIGHT, Appellant,
v.
Jason BERKMAN and Barbara Berkman, Appellees.
No. 85-2880.
District Court of Appeal of Florida, Third District.
February 11, 1986.
Michael Tarre, Coral Gables, for appellant.
Dubbin & Berkman, Evan J. Langbein, Miami, for appellees.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Claiming that he had burglarized and stolen property from their home, the Berkmans sued Leight for compensatory and treble damages, for conversion and under the civil theft statute. During the pendency of the litigation, the trial court, on the plaintiffs' motion, enjoined the City of Miami Beach Police Department from releasing to Leight property it had seized from his premises under a search warrant. Since it is conceded that any specific items owned by the Berkmans have been returned to them, the sole asserted justification for the order was to preserve assets from which they may "collect the judgment" sought in the primary action. We reverse with directions to dissolve the injunction.
*477 The law is unequivocally established that an injunction against the disposition of a defendant's assets simply may not be granted upon the ground that their preservation is required to satisfy a subsequent money judgment.[1]Stewart v. Manget, 132 Fla. 498, 181 So. 370 (1938); Stading v. Equilease Corp., 471 So.2d 1379 (Fla. 4th DCA 1985); Ciabotti v. Milo, 432 So.2d 792 (Fla. 3d DCA 1983); Supreme Service Station Corp. v. Telecredit Service Center, Inc., 424 So.2d 844 (Fla. 3d DCA 1982); Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). The appellees argue that they are innocent victims of the defendant and that he is a convicted, imprisoned thief who likely stole the property in question from others who are not parties to the suit. None of these factors, however emotionally appealing, can justify a departure from our duty to apply neutral and settled principles of law to all who come before us.
Reversed with directions.
NOTES
[1] Attachment, as authorized by Section 76.01, et. seq., Fla. Stat. (1983), provides the obvious remedy for the potential harm the plaintiffs allegedly fear. That procedure, however, involves a set of statutory burdens, including posting a bond for at least twice the claimed debt, § 76.12, which the plaintiffs have not satisfied.