511 So.2d 705 (1987)
KONOVER REALTY ASSOCIATES, LTD., Harold Konover and Konover Hotels Corporation, Appellants,
v.
David MLADEN, Appellee.
No. 87-1095.
District Court of Appeal of Florida, Third District.
August 18, 1987.
Young, Stern & Tannenbaum and Glen Rafkin, North Miami Beach, for appellants.
Lee Milich, Miami, and Bruce L. Hollander, Hollywood, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Pursuant to a contract under which the appellee Mladen agreed to purchase and the appellants to sell the Konover Hotel on Miami Beach, Mladen made a $500,000 unrestricted deposit payment[1] to the sellers to be applied to the purchase price at closing. The deal did not close and each side claimed that the other was in default. The purchaser then brought this action to recover a $500,000 money judgment in the amount of the deposit. The sellers counterclaimed that they were entitled to retain the sum as liquidated damages for what they said was the buyer's breach and for other relief. In the course of the litigation, which is to be resolved by jury trial, Mladen, on the asserted ground that the individual seller, Harold Konover, "is in serious health [sic[k]]" and that "in the event of [his] death, this money would be tied up in his estate," moved for and the trial court entered an order requiring the defendants-sellers *706 to deposit $500,000 in the court registry pending the outcome of the case.
We review this order under Fla.R.App.P. 9.130(a)(3)(B) as one granting an injunction,[2]Action Electric & Repair, Inc. v. Batelli, 416 So.2d 888 (Fla. 4th DCA 1982); see Ramos v. Stabinski & Funt, P.A., 494 So.2d 298 (Fla. 3d DCA 1986), and summarily reverse. It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court, Ramos, 494 So.2d at 298; Law v. NCNB National Bank of Florida, 452 So.2d 1119 (Fla. 4th DCA 1984); Wincast Associates, Inc. v. Hickey, 320 So.2d 17 (Fla. 4th DCA 1975), or indeed for any restraint upon the use of a defendant's unrestricted assets[3] prior to the entry of judgment. Stewart v. Manget, 132 Fla. 498, 181 So. 370 (1938); Leight v. Berkman, 483 So.2d 476 (Fla. 3d DCA 1986); Stading v. Equilease Corp., 471 So.2d 1379 (Fla. 4th DCA 1985); Ciabotti v. Milo, 432 So.2d 792 (Fla. 3d DCA 1983); Supreme Service Station Corp. v. TeleCredit Service Center, Inc., 424 So.2d 844 (Fla. 3d DCA 1982). The rule has been specifically applied, as on general principles it must be, to an action like this one for the recovery of unsegregated earnest money, Digaeteno v. Perotti, 374 So.2d 1015 (Fla. 3d DCA 1979), and is unequivocally not affected by the claim that recovery upon any subsequently-entered judgment may be made difficult by the dissipation or unreachability of the debtor's assets.[4],[5]Leight, 483 So.2d at 476; Oxford International Bank and Trust, Ltd. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980).
Reversed.
NOTES
[1] No escrow fund was established with the broker or anyone else. $500,000 was simply paid to the sellers.
[2] We need not squarely decide, although we incline to that view, that an order requiring such a court deposit (or establishing a receivership) is reviewable also under Fla.R.App.P. 9.130(a)(3)(C)(ii) as one determining the right to the immediate possession of property. Thunderbird, Ltd. v. Great American Insurance Co., 470 So.2d 2 (Fla. 1st DCA 1985). We note that in Florida Reinvestment Corp. v. Cypress Savings Ass'n, 509 So.2d 1352 (Fla. 4th DCA 1987), the fourth district has overruled its previously held view to the contrary in Mann v. Stein, 379 So.2d 978 (Fla. 4th DCA 1980) (order reviewable under (C)(ii) only if possession is granted to opposing party), cert. denied, 389 So.2d 1112 (Fla. 1980).
[3] See supra note 1.
[4] We note that the principle is applicable even when, as in Leight, it seems clear that the plaintiff will eventually actually recover a judgment. In this case, it is far from certain that Mladen will prevail in the underlying litigation.
[5] The appellee has not attempted to conform to the requirements of the remedy which would satisfy his alleged concerns, prejudgment attachment. §§ 76.01-.32, Fla. Stat. (1985); Leight, 483 So.2d at 476.