949 So.2d 215 (2006)
PIANETA MIAMI, INC., Appellant,
v.
Alan LIEBERMAN and Diane Lieberman, Appellees.
No. 3D06-1025.
District Court of Appeal of Florida, Third District.
November 15, 2006.
*216 Arnstein & Lehr and Franklin Zemel and John M. Cooney, Ft. Lauderdale, for appellant.
Kluger, Peretz, Kaplan & Berlin and Alan J. Kluger, Michael S. Perse, and Jennifer T. Oslé, Miami, for appellees.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The petitioner, Pianeta Miami, Inc. ("Pianeta"), appeals from a non-final order denying Pianeta's motion to release funds in escrow. Because the non-final order unjustifiably restrains Pianeta's assets that exceed the amount of the final judgment and applicable prejudgment interest, it constitutes an improper injunction. We reverse.
This appeal arises out of litigation over the fraudulent sale of Pianeta's hotel, the Angler Hotel ("hotel"), to the respondents, Alan and Diane Lieberman ("the Liebermans"). In December 2002, Pianeta brought an ejectment action against the Liebermans, claiming that the agent responsible for selling the hotel fraudulently stole Pianeta's corporate identity and sold the hotel to the Liebermans without Pianeta's consent. The Liebermans also brought a counterclaim for unjust enrichment damages based on certain payments they made while in possession of the hotel. A jury found that the Liebermans were not bona fide purchasers of the hotel and could have prevented the fraud. Consequently, the sale of the hotel was declared void, and possession of the hotel was returned to Pianeta.[1] However, the trial court awarded the Liebermans a judgment in the amount of $38,035.46, representing one year of property taxes they paid while in wrongful possession of the hotel.
Subsequently, the Liebermans moved for relief from the final judgment awarding them unjust enrichment damages, claiming that Pianeta had misled the trial court. The Liebermans alleged that Pianeta's president provided false or misleading testimony at the unjust enrichment trial regarding the existence of any contractual offers for the hotel. Specifically, the Liebermans claimed that Pianeta's president testified that he did not have any serious proposals to buy the hotel, although they claim he had an executed contract to sell the hotel for $5,000,000.
While their motion for relief from final judgment was still pending, the Liebermans also filed an emergency motion for an order requiring Pianeta to deposit $500,000 from the proceeds of the upcoming sale of the hotel into an escrow account. On May 4, 2005, the trial court granted the order. Pianeta did not appeal the order and, instead, deposited the funds in escrow.
*217 In May 2005, the trial court also ordered a new trial on the Liebermans' unjust enrichment claim based on the likelihood that Pianeta's president perpetrated a fraud on the court. Thereafter, the trial court conducted a new trial on the Liebermans' unjust enrichment claim and issued a final order, reimbursing the Liebermans $167,355.74 ("the new final judgment"), excluding prejudgment interest, for their expenditures on the hotel. Immediately, the Liebermans filed a motion for additur or rehearing on the new final judgment and a motion for determination of prejudgment interest.
On December 27, 2005, Pianeta filed a motion for remittitur or rehearing to set off damages for its loss of use or "reasonable rental value" of the hotel during the Liebermans' wrongful possession period. On January 9, 2006, the trial court denied Pianeta's motion for remittitur or rehearing as well as the Liebermans' motion for additur or rehearing.[2] On January 10, 2006, Pianeta amended its motion for remittitur or rehearing to include a request to release the funds in escrow that exceed the new final judgment.
In March 2006, the trial court conducted a hearing on the Liebermans' motion for determination of prejudgment interest and Pianeta's motion to release the funds in escrow. Subsequently, the court issued an order granting the Liebermans prejudgment interest on the amount they paid in property taxes during their wrongful possession period, and denying Pianeta's motion to release the funds in escrow.
Pursuant to Rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure, we review this order as one granting an injunction.[3]Konover Realty Assocs., Ltd. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987); see Ramos v. Stabinski & Funt, P.A., 494 So.2d 298 (Fla. 3d DCA 1986). It is well settled that an injunction cannot be used to restrain the use of a party's unrestricted assets prior to the conclusion of an action at law. Konover, 511 So.2d at 706; Leight v. Berkman, 483 So.2d 476, 477 (Fla. 3d DCA 1986) (citations omitted); Supreme Serv. Station Corp. v. Telecredit Serv. Ctr., Inc., 424 So.2d 844, 844 (Fla. 3d DCA 1982). Furthermore, we have found that the preservation of funds in a contingent claim for money damages does not constitute a sufficient basis for injunctive relief. See, e.g., Konover, 511 So.2d at 706; Leight, 483 So.2d at 477; Ramos, 494 So.2d at 298; CMR Distrib., Inc. v. Resolution Trust Co., 593 So.2d 593, 594 (Fla. 3d DCA 1992); Oxford Int'l Bank & Trust Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979).
Here, the non-final order denying Pianeta's motion to release the funds that exceed the new final judgment operates with the same purpose as the pre-trial injunction in Konover. However, unlike the order in Konover, the non-final order is not a pre-trial injunction requiring the deposit of the amount in controversy into the registry of the court. Konover, 511 So.2d at 706. Nevertheless, the non-final order effectively restrains the use of Pianeta's unrestricted assets, the funds in escrow that exceed $167,355.74, plus prejudgment *218 interest, pending the conclusion of the parties' appeals. Clearly, the amount in excess of the new final judgment, plus prejudgment interest, remains disputed by the Liebermans and, thereby, is being used to improperly secure the collection of a greater award of money damages in the future. The Liebermans' argument that Pianeta would make the assets unreachable by leaving the country before this court concluded the pending appeals certainly does not provide a legal basis for injunctive relief. See Konover, 511 So.2d at 705-06 (holding that the trial court erred in entering an order requiring seller to deposit $500,000 in escrow pending the outcome of the case, despite purchaser's claim that recovery may be impaired because seller was ill, and if he died, the money would be tied up in the estate).
We reject the Liebermans' contention that the order denying the release of the escrowed funds was a sanction against Pianeta for perpetrating a fraud on the court. It appears from the May 4, 2005 order requiring Pianeta to deposit $500,000 in escrow that the trial court was concerned about the preservation of the integrity of the judicial system. However, to date, the trial court has not made any findings of fraud or misconduct. Rather, it is clear from the record, the trial court continued to restrain Pianeta's funds after the new final judgment was issued and prejudgment interest was determined, because it was concerned about the potential dissipation and/or future unavailability of the assets from the sale of the hotel.
Moreover, we find the Liebermans' alternative argument, that the trial court improperly considered Pianeta's motion to release the escrowed funds, is without merit. In the May 4, 2005 order compelling Pianeta to escrow the funds, the court stated that the proceeds of the sale of the hotel would be escrowed "pending further order of the court." Here, it is of no consequence whether the request was raised in an amendment to a motion, a separate motion, or sua sponte by the trial court. Indeed, the court entertained the motion and unjustifiably denied the release of Pianeta's unrestricted assets.
Reversed and remanded.
NOTES
[1] The Liebermans appealed the final judgment in Pianeta's favor quieting title and granting ejectment. We affirmed the final judgment. Lieberman v. Pianeta Miami, Inc., 865 So.2d 662 (Fla. 3d DCA 2004).
[2] The Liebermans appealed the denial of their motion for additur or rehearing on the final judgment. Currently, that appeal is pending with this court.
[3] In Konover, we noted that an order requiring a court deposit may be reviewable under Rule 9.130(a)(3)(C)(ii) of the Florida Rules of Appellate Procedure, as one determining the immediate right to the possession of property. Konover, 511 So.2d at 706 n. 2 (citation omitted).