994 So.2d 463 (2008)
Mara M. RANKIN, Appellant,
v.
Vannessa VAN VORGUE, Appellee.
No. 3D07-378.
District Court of Appeal of Florida, Third District.
November 5, 2008.
Adorno & Yoss and Alan Rosenthal and Natalie J. Carlos, Miami, for appellant.
*464 Albert D. Rey, Miami and Raymond Carrero, for appellee.
Before RAMIREZ and SUAREZ, JJ., and SCHWARTZ, Senior Judge.

On Motion for Rehearing and Clarification
SUAREZ, J.
We deny the Appellee, Vanessa Van Vorgue's, Motion for Rehearing, but grant her Motion for Clarification. We withdraw our prior opinion dated July 9, 2008, and substitute the following, which differs from the original opinion only in that there is a correction as to the sequence of events.
Mara M. Rankin appeals from non-final orders denying her motions for partial summary judgment and for release of escrow funds. We dismiss her appeal of the trial court's denial of partial summary judgment for lack of jurisdiction and reverse the trial court's denial of her motion to release escrow funds.
Van Vorgue and Rankin purchased a Miami Beach home and held title as joint tenants. The parties also formed Van Vorgue Enterprises, each holding fifty percent of the stock in the corporation. Sometime in 2004, Rankin was transferred to California; subsequently, Rankin and Van Vorgue entered into a contract for the sale of the Miami Beach home with a third party. Then, after years of being together, the two parted. Van Vorgue signed a quitclaim deed of the Miami Beach home giving title to Rankin. At the same time, she signed an assignment of her stock in Van Vorgue Enterprises transferring her interest to Rankin. Prior to closing on the house sale, Van Vorgue sued Rankin. Van Vorgue alleges, among other things in her multi-count complaint, that the quitclaim deed was not properly witnessed, that fraudulent misrepresentations were made to her and that she was fraudulently induced into signing both the quitclaim deed and the assignment of stock.[1] She claims a fifty percent interest in the Miami Beach home as well as the corporation and in certain of Rankin's assets. In order that the sale of the home could proceed, Van Vorgue signed a warranty deed on the home and she and Rankin entered into an escrow agreement requiring the proceeds from the sale to remain in escrow until the claims of the suit were resolved. Rankin filed a motion to release half of the escrowed funds, as well as a motion for partial summary judgment, seeking to enforce the instruments conveying interest in the property and assets to the defendant and on Count III of the First Amended Complaint. The trial court denied both motions and this appeal followed.
We dismiss as premature Rankin's appeal from the trial court's denial of her "Motion for Partial Summary Judgment on Affirmative Defenses Seeking Enforceability of Instruments Conveying Interest in Property and Assets to Defendant and on Count III of the First Amended Complaint." Appeal from the denial is premature as Count III of the complaint concerns the execution of the quitclaim deed, the facts of which are common to other counts of the complaint. See Bermont Lakes, LLC v. Rooney, 980 So.2d 580 (Fla. 2d DCA 2008) (holding that an appeal of a partial final judgment relating to a single count of a multi-count complaint may be taken only if that count constitutes a separate and distinct cause of action that is not *465 interdependent with other pleaded claims); El Segundo Original Rey de la Pizza Cubana, Inc. v. Rey Pizza Corp., 676 So.2d 1031 (Fla. 3d DCA 1996) (holding that the order is not an appealable, non-final order because those counts are not independent and severable from the still-pending counts below); Altair Maint. Servs. v. GBS Excavating, Inc., 655 So.2d 1281 (Fla. 4th DCA 1995) (holding that a partial summary judgment was not final where it was interrelated with a pending counterclaim); accord Pace v. Perry, 511 So.2d 740 (Fla. 5th DCA 1987).
We have jurisdiction, however, to consider Rankin's appeal of the trial court's order denying her motion to release fifty percent of the sale proceeds held in escrow. See Fla. R.App. P. 9.130(a)(3)(C)(ii). Van Vorgue has claimed her entitlement to fifty percent of those funds. Rankin has requested that the trial court release fifty percent to her still leaving fifty percent in escrow. To order retention of 100% of the escrowed money until the parties resolve the other claims would be, essentially, an improper injunction. See Konover Realty Assocs., Ltd. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987) ("It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for ... any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment."); see also Pianeta Miami, Inc. v. Lieberman, 949 So.2d 215 (Fla. 3d DCA 2006) (finding that trial court's non-final order denying motion to release funds in escrow was an improper restraint on party's unrestricted use of assets); Rosasco v. Rosasco, 641 So.2d 493 (Fla. 1st DCA 1994) (holding that a movant's assertion of right to a certain amount of money is not sufficient to justify a restraint on those funds). We therefore reverse that order and remand to the trial court to allow disbursement to Rankin of fifty percent of the funds held in escrow from the sale of the Miami Beach home.
Dismissed in part, reversed in part.
NOTES
[1] Van Vorgue made eight claims: Accounting and dissolution of corporate partnership; Establishment of equitable lien on the house sale proceeds; Cancellation of quitclaim deed and corporate transfer documents; Fraud in the inducement; Fraudulent misrepresentation; Partition; Restitution; and Accounting, Receivership, and Dissolution of Corporation.