PER CURIAM.
Appellant, SunTrust Banks, Inc., seeks review of the trial court’s Order on Emergency Motion for Temporary Injunctive Relief. Appellant argues that the trial court erred in issuing a temporary injunction and in ordering Appellee, Cauthon & McGuigan, PLC, to post a bond that was inadequate as a matter of law. Finding merit only in the first argument, we reverse.
Appellee, the alleged victim of what has been described as a “Nigerian scam,” received a check for $289,500 for a purported client from her supposed ex-husband in what Appellee believed to be a partial satisfaction of a marital settlement agreement. Attorney Cauthon, one of Appel-lee’s owners and partners, deposited the check into his client trust fund account held by Appellant. After allegedly being told by two of Appellant’s employees that the check had cleared, Mr. Cauthon au *711 thorized a wire transfer of the funds to his purported client. When Appellant discovered that the check was fraudulent, it seized $78,862.01, the balance of Appellee’s client trust fund account. Appellee sued Appellant for fraudulent misrepresentation and negligence and sought an injunction, requesting that Appellant be forced to return the seized funds. The trial court, relying heavily on the fact that the funds in the trust account belonged to Appellee’s clients, granted injunctive relief, ordered that the funds be returned to Appellee and that Appellee post a bond, and denied Appellant’s request for a stay. This appeal followed.
Before issuing a temporary injunction, a trial court must determine that the petition or pleadings demonstrate a prima facie, clear legal right to the relief requested. St. Johns Inv. Mgmt. Co. v. Albaneze, 22 So.3d 728, 731 (Fla. 1st DCA 2009). To demonstrate a prima facie case for a temporary injunction, the petitioner must establish four factors: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) that a temporary injunction would serve the public interest. Id. The petitioner has the burden of providing competent, substantial evidence satisfying each of these elements. Id. An appellate court’s review of a ruling on a temporary injunction is hybrid in nature in that legal conclusions are reviewed de novo while factual findings implicate the abuse of discretion standard. Id.
While we understand the trial court’s concern for Appellee’s clients, Ap-pellee failed to establish the likelihood of irreparable harm, the unavailability of an adequate remedy at law, and a substantial likelihood of success on the merits. Not only could Appellee’s clients have filed suit against Appellee as a result of any negligence or breach of fiduciary duty on Appellee’s part, see, e.g., Kenet v. Bailey, 679 So.2d 348 (Fla. 3d DCA 1996), but also, Appellant had the right, both pursuant to statute and the parties’ contract, to “charge back” Appellee’s account when it did not receive final settlement for the check. See § 674.2141(1), Fla. Stat. Moreover, through its acceptance of Appellant’s Rules and Regulations for Deposit Accounts, Appellee acknowledged and agreed that “neither [Appellant] nor any of its employees or agents will be liable for any statement ... that an item, including a eheck[,] has been paid, has cleared or will not be returned or that such item or check is or was ‘good’ or any other statement of a similar nature.” The dissent, by relying on the trial court’s finding of negligence, overlooks Appellee’s agreement on this point and the fact that Appellee failed to establish a substantial likelihood of success on the merits as a result of such.
Because Appellee failed to establish the necessary elements for the issuance of a temporary injunction, the trial court erred in granting injunctive relief. Accordingly, we REVERSE.
DAVIS and VAN NORTWICK, JJ„ concur; THOMAS, J., dissents with opinion.