# Third District Court of Appeal

## State of Florida

Opinion filed August 12, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-648
Lower Tribunal No. 14-13119
_____


**Herman Lutsky,**
Appellant/Cross-Appellee,

vs.

**Rochelle Schoenwetter,**
Appellee/Cross-Appellant.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gisela Cardonne Ely, Judge.

Rogers, Morris & Ziegler and David M. Vogel, for appellant/cross-appellee.

Stok Folk & Kon, Robert A. Stok and Benjamin P. Nigro (Aventura), for appellee/cross-appellant.


Before WELLS, SHEPHERD and SALTER, JJ.

PER CURIAM.

Herman Lutsky appeals, and Rochelle Schoenwetter cross-appeals, an order

granting a temporary injunction on Schoenwetter's motion. We reverse and vacate the order.

Florida Rule of Civil Procedure 1.610 requires that a court's injunctive order specify the reasons for the entry of the injunction and contain clear, definite and unequivocal findings of fact to support the four elements of an injunction. Angelino v. Santa Barbara Enter., LLC, 2 So. 3d 1100 (Fla. 3d DCA 2009); City of Sunny Isles Beach v. Temple B'Nai Zion, Inc., 43 So. 3d 904, 906 (Fla. 3d DCA 2010). The order in this case does not contain the necessary findings. Neither did the moving party meet her burden of alleging and proving the facts entitling her to relief. Chevaldina v. R.K./FL Mgmt., Inc., 133 So. 3d 1086, 1089 (Fla. 3d DCA 2014).

The injunction must also be reversed because the injury the movant was attempting to prevent is purely monetary. As this Court has stated, irreparable injury is injury that cannot be cured by money damages. Grove Isle Ass'n, Inc. v. Grove Isle Assoc., LLLP, 137 So. 3d 1081, 1092 (Fla. 3d DCA 2014). Injunctive relief is not available when the right to the injunction is premised on a speculative, future event. Biscayne Park, LLC, v, Wal-Mart Stores East, LP, 34 So. 3d 24 (Fla. 3d DCA 2010). These deficiencies require that the order be reversed.

Reversed; order vacated.