# Third District Court of Appeal

## State of Florida

Opinion filed May 9, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2052
Lower Tribunal No. 17-14434
_____

**Sammie Investments, LLC, a Florida Limited Liability Company,**
Appellant,

vs.

**Strategica Capital Associates, Inc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Borowski & Traylor, P.A., and T.A. Borowski, Jr., and Darryl Steve Traylor, Jr., (Pensacola), for appellant.

Pathman Lewis, LLP, and Aaron W. Tandy, and John A. Moore, for appellee.

Before SALTER, EMAS, and LINDSEY, JJ.

LINDSEY, J.

Sammie Investments, LLC appeals the trial court's order granting Strategica Capital Associates, LLC's motion for temporary injunctive relief rendered in this breach of contract action. The order directed Sammie to turn over $200,000 of the proceeds derived from the sale of real property to its counsel to be held in its counsel's trust account pending further order of the trial court. Because irreparable harm does not exist and Strategica has an adequate remedy at law, we reverse the entry of the temporary injunction.

## I.  BACKGROUND

Strategica sued Sammie and its manager, Mary Moulton, in a six-count complaint filed on June 15, 2017. Stategica brought three counts against Sammie for breach of contract, two counts against Ms. Moulton for misrepresentation and unjust enrichment, and one count against Sammie and Ms. Moulton for declaratory judgment. Thereafter, on June 21, 2017, Strategica filed a verified emergency motion for injunctive relief on the basis it provided services and advanced funds on behalf of Sammie and its affiliated companies and entities (the "Moulton entities") in exchange for a twenty percent interest in the profits of Sammie. Strategica claimed that Sammie's only asset was its investment in and co-manager position of 9 Mile-NF Joint Venture LLC ("9 Mile"). 9 Mile was purportedly poised to sell real property (the "9-Mile property") and Strategica sought the entry of an injunction to prohibit Sammie from distributing the proceeds of that sale.

2

Seven days later, Sammie filed a response asserting it did not agree to grant Strategica an interest in twenty percent of the gross amount it received and argued that a profits interest in it is separate and distinct from a twenty percent assignment of the proceeds of its interest in 9 Mile. Ms. Moulton filed an affidavit in support of Sammie's response, stating that no written agreement was ever executed by the parties.

Although Sammie conceded that Strategica advanced $75,000 for the benefit of the Moulton entities, it claimed substantial factual disputes existed as to the alleged agreement's terms, performance, and remedies. Sammie also asserted it has other ongoing business activities. As such, Strategica contended, even assuming Sammie is correct, there is no basis for the entry of a temporary injunction because money damages provide an adequate remedy at law and irreparable harm does not exist where the potential loss is compensable by money damages.

On August 3, 2017, the trial court held an evidentiary hearing on Strategica's injunction motion.[1] The trial court considered an engagement letter

---

[1] Prior to the hearing, on July 3, 2017, Strategica filed an amended complaint, adding claims against Sammie for breach of implied contract at law and the imposition of a constructive trust over the funds which correspond to twenty percent of the profit interest received by Sammie from the sale of the 9 Mile property and the other amounts due to Strategica under the parties' alleged agreement. However, the order entered by the trial court makes no mention of the constructive trust claim. As such, we decline to address this theory.

and a supplemental agreement from September 2015, neither of which is signed by, or mentions Sammie, as well as emails from November of 2015. The engagement letter from Strategica was addressed to Ms. Moulton and James C. Moulton, who signed the letter as President of Moulton Properties, Inc. and affiliates. The supplemental agreement was allegedly between Strategica and the Moulton Entities. The emails include an exchange between Strategica's executive vice president, Steven Cook, and its counsel. Mr. Cook testified that although Strategica exchanged drafts with Sammie, they never reached an agreement on the disposition of the proceeds of the sale of the 9 Mile property. He further testified that based on the 9 Mile property closing statement, Strategica is owed "slightly over $200,000" from the sale. Mr. Cook also opined that Sammie did not have operations other than this investment in 9 Mile.

Thereafter, on August 29, 2017, the trial court entered the order granting Strategica's motion for temporary injunctive relief, wherein the trial court found that Strategica satisfied its burden of showing:

> a. the likelihood of irreparable harm and the unavailability of an adequate remedy at law based on the testimony presented regarding the limited resources and operations of [Sammie];
> b. a substantial likelihood of success on the merits based on the testimony presented regarding the contract formed between [Strategica] and [Sammie];
> c. that the threatened injury to [Strategica] outweighs any possible harm to the [Sammie], and
> d. that the granting of the preliminary injunction will not

4

disserve the public interest.

In its order, the trial court directed Sammie to "immediately deliver up to $200,000.00 of the proceeds derived from the sale [the 9-Mile property] to its counsel . . . to be held in counsel's trust account, until further order of the Court." The trial court further required Strategica to obtain a $500 bond and set this minimal amount based on Strategica's likelihood of success on the merits. This timely appeal follows.

## II.    JURISDICTION

This Court has jurisdiction to review the non-final order granting temporary injunctive relief pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(B). See also Fla. R. App. P. 9.130(a)(3)(B) (authorizing district courts of appeal to review non-final orders that "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions.").

## III.   STANDARD OF REVIEW

"The standard of review of trial court orders on requests for temporary injunctions is a hybrid. To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to *de novo* review." Bookall v. Sunbelt Rentals, Inc., 995 So. 2d 1116, 1117 (Fla. 4th DCA 2008) (emphasis added) (citations omitted). "Although a trial court has broad discretion in granting injunctive relief,

5

it is an extraordinary remedy that requires a clear legal right, free from reasonable doubt." Meritplan Ins. Co. v. Perez, 963 So. 2d 771, 776 (Fla. 3d DCA 2007) (internal quotations omitted).

## IV.  ANALYSIS

To establish entitlement to a temporary injunction, the moving party must show "the likelihood of irreparable harm; the unavailability of an adequate remedy at law; the substantial likelihood of success on the merits; the threatened injury to the petitioner outweighs the possible harm to the respondent; and the granting of the temporary injunction will not disserve the public interest." Chevaldina v. R.K./FL Mgmt., 133 So. 3d 1086, 1089 (Fla. 3d DCA 2014).  Moreover, a temporary injunction "should be granted only sparingly and only after the moving party has alleged and proved facts entitling it to relief." Id. (quoting Liberty Fin. Mortg. Corp. v. Clampitt, 667 So. 2d 880, 881 (Fla. 2d DCA 1996)).  The party seeking an injunction has the burden of providing competent, substantial evidence satisfying each element. See SunTrust Banks, Inc. v. Cauthon & McGuigan, PLC., 78 So. 3d 709, 711 (Fla. 1st DCA 2012).

The trial court below based its finding of the likelihood of irreparable harm and the unavailability of an adequate remedy at law on the testimony presented regarding the limited resources and operations of Sammie.  Specifically, the trial court reasoned that if Sammie does not "have any other assets based on the only

testimony provided, then there would be irreparable harm because there would be nowhere else from where to gain that money. Those monies are not set aside." As such, the trial court concluded that "the most [it could do] is enjoin [Sammie] from somehow not disbursing or otherwise dissipating, [it] would say, $200,000 of whatever they obtain from the closing from that 9 Mile property. It has been dispersed [sic] to them. Hopefully, it's still in an account somewhere."

Strategica has failed to meet its burden of proving that it will incur irreparable harm because it has no adequate remedy at law. As defined by this Court, "irreparable injury is injury that cannot be cured by money damages." Lutsky v. Schoenwetter, 172 So. 3d 534, 534 (Fla. 3d DCA 2015) (citing Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1092 (Fla. 3d DCA 2014)). And, "[t]he test for unavailability of an adequate remedy at law, under these requirements, is 'whether a judgment can be obtained, not whether, once obtained, it will be collectible.'" Lopez-Ortiz v. Centrust Sav. Bank, 546 So. 2d 1126, 1127 (Fla. 3d DCA 1989) (citations omitted).

Here, even if Strategica is ultimately successful in establishing entitlement to the $75,000 purported loan or to twenty percent of Sammie's profits from the sale of the 9 Mile property, it will only be entitled to an award of money damages. Strategica, therefore, has an adequate remedy at law to recover the disputed funds. Accordingly, because the injury Strategica is attempting to prevent is purely

7

monetary and can be cured by money damages, Strategica will not suffer irreparable harm.

As this Court stated in <u>Konover Realty associates, Ltd. v. Mladen</u>:

> It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court, or indeed for any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment. The rule has been specifically applied, as on general principles it must be, to an action like this one for the recovery of unsegregated earnest money, and is unequivocally not affected by the claim that recovery upon any subsequently-entered judgment may be made difficult by the dissipation or unreachability of the debtor's assets.

511 So. 2d 705, 706 (Fla. 3d DCA 1987) (internal citations omitted); <u>see also</u> <u>Leight v. Berkman</u>, 483 So. 2d 476, 477 (Fla. 3d DCA 1986) (citations omitted) ("The law is unequivocally established that an injunction against the disposition of a defendant's assets simply may not be granted upon the ground that their preservation is required to satisfy a subsequent money judgment."); <u>De Leon v. Aerochago, S.A.</u>, 593 So. 2d 558, 559 (Fla. 3d DCA 1992) ("Injunctive relief may not be used to enforce money damages, or to prevent any party from disposing of assets until an action at law for an alleged debt can be concluded." quoting <u>Hiles v. Auto Bahn Federation, Inc.</u>, 498 So. 2d 997, 998 (Fla. 4th DCA 1986)).

## V.    CONCLUSION

8

Because Strategica has suffered no irreparable injury that cannot be cured by money damages and an adequate remedy at law is available, we reverse the trial court's order granting Strategica's motion for temporary injunctive relief and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.