# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2285
Lower Tribunal No. 24-8461-CA-01
_____

**Ghina Hamad**,
Appellant,

vs.

**Hanan Sarsour**,
Appellee.

An Appeal from a nonfinal order from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Joey Gonzalez, Attorney, P.A. and Joey D. Gonzalez, for appellant.

Sarsour Law, LLC and Nader O. Sarsour (Chagrin Falls, OH), for appellee.

Before EMAS, SCALES, and MILLER, JJ.

MILLER, J.

This dispute stems from the failure to disclose unpaid sales and use taxes in the purchase and sale agreement of a Mediterranean restaurant. Appellant, Ghina Hamad, the seller, appeals an order granting a preliminary injunction, enjoining her from alienating or transferring her real property and dissipating her assets.[1] The contended basis for the injunction was that she intended to flee to Venezuela to avoid liability for any judgment. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(B). Finding that appellee, Hanan Sarsour, the buyer, failed to establish the lack of an adequate legal remedy, we reverse.

## BACKGROUND

Hamad and Sarsour were close friends and regularly attended religious services at a local mosque together. Hamad agreed to sell Sarsour her restaurant, Pita Grill & Market, Inc., for a specified sum.

The parties entered into a purchase and sale agreement and a bill of sale in conjunction with the acquisition. In the documents, Hamad warranted that the books and records "accurately set forth all liabilities, assets, and other matters regarding the financial condition of the Business." She further

---

[1] Although styled as petition for certiorari, this is an appeal from a reviewable nonfinal order. See Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought . . . .").

"promise[d] and agree[d] to convey good, clear, and marketable title to all the property to be sold [t]hereunder, the same to be free and clear of all liens and encumbrances."

Months later, Sarsour discovered that the business was indebted to the Florida Department of Revenue for unpaid sales and use tax in the amount of $112,621.43. The liability was incurred during a three-year period long predating the sale of the business.

Sarsour filed a three-count complaint in the circuit court alleging breach of contract and fraudulent inducement and seeking voluntary binding arbitration pursuant to the acquisition documents. In her prayer for relief, she sought "an arbitration award and judgment against [Hamad] in the amount for $112,621.43, plus taxable costs, interest, attorney fees and any such further relief as the Court deems necessary and just."

Sarsour learned from fellow worshippers that Hamad intended to sell her property and return to Venezuela, her country of origin. Sarsour moved for a preliminary injunction seeking to enjoin Hamad from alienating, encumbering, or transferring her real property and dissipating any of her other assets. The trial court granted the motion. Hamad unsuccessfully moved to dissolve the injunction, and this appeal ensued.

## STANDARD OF REVIEW

We apply a hybrid standard in reviewing an order granting or refusing to dissolve an injunction. To the extent factual findings are implicated, we defer to the trial court and will not reverse absent a showing of abuse of discretion. Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So. 2d 842, 843 (Fla. 3d DCA 2007). Legal conclusions, however, are subject to de novo review. Surgery Ctr. Holdings, Inc. v. Guirguis, 318 So. 3d 1274, 1277 (Fla. 2d DCA 2021).

## LEGAL ANALYSIS

Although a trial court is afforded broad discretion, "a temporary injunction is an extraordinary remedy which should be granted only sparingly." Heslop v. Moore, 716 So. 2d 276, 278 (Fla. 3d DCA 1998). A party seeking an injunction must demonstrate that (1) irreparable injury will result if relief is not granted; (2) there is no adequate remedy at law; (3) the party has a clear legal right to relief; and (4) entry of an injunction serves the public interest. See Finkelstein v. Se. Bank, N.A., 490 So. 2d 976, 980 (Fla. 4th DCA 1986). The moving party must furnish competent, substantial evidence satisfying each prong. See SunTrust Banks, Inc. v. Cauthon & McGuigan, PLC, 78 So. 3d 709, 711 (Fla. 1st DCA 2012).

Irreparable injury and no adequate remedy at law are distinct, but interrelated, prongs. Fla. Ass'n of Realtors v. Orange County, 350 So. 3d 115, 130 (Fla. 5th DCA 2022). Whether an injury is irreparable within this context is wholly dependent on the existence of an adequate remedy at law. See Surgery Ctr. Holdings, Inc., 318 So. 3d at 1282. Stated differently, "what makes an injury irreparable is that no other remedy can repair it." Weinstein v. Aisenberg, 758 So. 2d 705, 708 (Fla. 4th DCA 2000) (Gross, J., concurring specially) (quoting Douglas Laycock, The Death of the Irreparable Inj. Rule, 103 Harv. L. Rev. 687, 694 (1990)). Consistent with this concept, the movant must establish an injury that cannot be compensated by after-the-fact money damages. See Supreme Serv. Station Corp. v. Telecredit Serv. Ctr., Inc., 424 So. 2d 844, 844 (Fla. 3d DCA 1982). Such harm is necessary to warrant the clear and present need for equitable relief. See id.

In the case at hand, Sarsour adduced evidence that Hamad intended to dispose of her property and abscond to establish irreparable injury. The trial court found this was sufficient to justify injunctive relief because Sarsour "would not be able to collect monetary damages should [Hamad] dispose of her assets."

We agree with the trial court's reasoned observation, but the courts of this state have consistently distinguished between the inability to obtain a

5

judgment and the inability to collect on a judgment. The former supports injunctive relief, while the latter does not. Although the idea that an uncollectible judgment provides an adequate remedy at law may seem a bit of a legal fiction, it is the mere availability of the judgment itself that defeats a finding of irreparable harm. See Tampa & G.C.R. Co. v. Mulhern, 74 So. 297, 298–99 (Fla. 1917) (holding legal, not equitable, relief was proper when available even where a defendant is insolvent); Supreme Serv. Station Corp., 424 So. 2d at 844 ("A civil complaint which alleges that defendant . . . has defrauded plaintiff . . . and is about to remove its assets beyond the jurisdiction of the court does not warrant a temporary injunction."); Weinstein, 758 So. 2d at 706 ("A claim for money damages does not provide a sufficient basis for injunctive relief. Even where the party seeking injunctive relief alleges that the opposing party may dissipate bank assets, a judgment for money damages is adequate and injunctive relief is improper, notwithstanding the possibility that a money judgment will be uncollectible.") (citation omitted); Mary Dee's, Inc. v. Tartamella, 492 So. 2d 815, 816 (Fla. 4th DCA 1986) (citing St. Lawrence Co., N.V. v. Alkow Realty, Inc., 453 So. 2d 514, 514 (Fla. 4th DCA 1984)) ("The test of [the] inadequacy of [a] remedy at law is whether a judgment can be obtained, not whether,

6

once obtained, it will be collectible.").  Accordingly, we are constrained to reverse the order under review and remand for further proceedings.

Reversed and remanded.