548 So.2d 851 (1989)
Salim TABSCH, Marie Tabsch and M & R Corporation of Dade County D/B/a Precision Instruments, Appellants,
v.
William NOJAIM and Rosemary Nojaim, Appellees.
Nos. 89-1378, 89-1382.
District Court of Appeal of Florida, Third District.
September 12, 1989.
Nicolas A. Manzini and Jeremy A. Koss, North Miami Beach, for appellants.
Tescher & Milstein and Richard C. Milstein and Paul Hampton Crockett, Coral Gables, for appellees.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
This is an appeal of orders denying, in part, a motion for relief from a temporary injunction and denying a motion to dissolve the same temporary injunction. We affirm in part and reverse in part.
The appellants, Salim Tabsch and Marie Tabsch, and the appellees, William Nojaim and Rosemary Nojaim, formed a closely held corporation, appellant M & R Corporation of Dade County, of which each was a twenty five percent shareholder. Mr. and Mrs. Nojaim provided the start-up funds for the corporation; Mr. and Mrs. Tabsch provided the expertise for the operation of the business. Mrs. Tabsch and Mrs. Nojaim actively worked in the business. Each of the parties was an officer of M & R, but *852 Mrs. Tabsch was the sole director of the corporation.
The parties had disagreements and Mr. and Mrs. Tabsch decided to go into business on their own. They formed a new corporation with a similar name. On June 19, 1988 Mrs. Tabsch, acting as sole director, discharged Mr. and Mrs. Nojaim from any position of responsibility with the corporation. On July 31, 1988 M & R ceased doing business.
In August, 1988 Mr. and Mrs. Nojaim brought the present action for damages, and requested injunctive relief, the imposition of a constructive trust, and appointment of a receiver. At the temporary injunction hearing it was conceded by all parties that M & R would not do any business in the future. The trial court did not appoint a receiver, but entered a temporary injunction freezing the corporation's bank accounts, and providing certain other equitable relief. No injunction bond was set.
Subsequently, Mr. and Mrs. Tabsch moved to dissolve the temporary injunction in its entirety, and also requested partial relief from the temporary injunction in order to allow M & R to pay sums due its creditors and to pay its accountants to prepare the final tax returns. The trial court denied the motion to dissolve but authorized the release of $7,000 toward the payment of M & R's creditors and accountants. Mr. and Mrs. Tabsch have appealed both orders.
We entirely agree with the trial court that this was an appropriate case for an injunction. Mr. and Mrs. Tabsch proceeded under section 607.274, Florida Statutes (1987), alleging both a deadlock among the shareholders, and misapplication of corporate assets. In such circumstances the trial court is authorized under section 607.277, Florida Statutes (1987), to issue injunctions and take such other steps as may be required to preserve the corporate assets.
Mr. and Mrs. Tabsch urge, however, that the standards for an injunction were not satisfied in this case. We disagree. Here the res consisted of the corporation's remaining bank accounts. Given the undisputed facts, and the facts presented at the evidentiary hearing before the trial court, the court could reasonably conclude that there was a danger of dissipation of the corporate bank accounts, unless disbursements were made pursuant to court approval. The shareholders are the equitable owners of whatever will remain of the res after the creditors are paid. The court therefore properly employed injunctive relief, see Korn v. Ambassador Homes, Inc., 546 So.2d 756 (Fla. 3d DCA 1989), a solution which was far more economical, given the relatively small amounts involved, than the appointment of a receiver.
We do think, however, there is merit in two of Mr. and Mrs. Tabsch's other points on appeal. First, the function of the liquidation procedure under section 607.277 is to accomplish the orderly discharge of the corporation's obligations, followed by distribution of the remaining assets to the shareholders. In the present case Mr. and Mrs. Nojaim argued strenuously that the business conducted between June 29 and July 31 was actually done for the benefit of Mr. and Mrs. Tabsch's new corporation, not for the benefit of M & R. Mr. and Mrs. Nojaim assert, in other words, a waste or misapplication of M & R's operating expenses during that 32-day period. Thus, they successfully persuaded the trial court that M & R should not have responsibility for payment of its substantial telephone bill for that 32-day period, and that concomitantly, M & R should not bear the full burden of paying the accountants for preparation of M & R's tax returns through that period.
The fact that M & R's shareholders have had a falling out does not have a bearing on M & R's obligation to pay its telephone bill and file its tax returns. The trial court should have released sufficient funds to discharge those obligations. If the trial court is satisfied that the corporate assets were misappropriated by Mr. and Mrs. Tabsch for the 32-day period, then the remedy is to require them to reimburse the corporation for the appropriate amounts. The misappropriation, however, would not be a defense either to an action by the telephone company or the taxing authorities, *853 and the failure to satisfy those obligations increases the expense to the corporation and creates a risk of personal liability on the part of some or all of the officer/shareholders.
We also agree with appellants that a bond should have been required. The Florida Supreme Court has held that damages for the improper obtaining of an injunction are limited to the amount of the injunction bond, Parker Tampa Two, Inc. v. Somerset Development Corp., 544 So.2d 1018 (Fla. 1989), although the trial court did not have the benefit of that decision at the time of the ruling below. Appellants are entitled to have the trial court set a bond on remand.
The orders under review are affirmed in part and reversed in part with directions on remand to release such funds as are necessary to discharge M & R's obligations to creditors, the taxing authorities, and M & R's accountants for purposes of preparing the necessary tax returns, and with directions to set an appropriate injunction bond.