701 So.2d 1198 (1997)
Rafael CASTILLO, Appellant,
v.
Martha VLAMINCK DE CASTILLO, Appellee.
No. 97-2269.
District Court of Appeal of Florida, Third District.
November 19, 1997.
*1199 Friedman, Rodriguez & Ferraro and Paul D. Friedman and R. Nicholas Bohn, Miami, for appellant.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Joe Unger, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and GREEN, JJ.
SCHWARTZ, Chief Judge.
The appellee, who is the mother of the appellant, claims that he improperly employed the proceeds of her $200,000.00 check made payable to him allegedly on the understanding that he would purchase a certificate of deposit in the names of her and all her surviving children, by establishing a $200,000.00 account in his name alone. The trial court issued an injunction against the disbursal of the $200,000.00 fund pending the determination of the action below. Because the appellee sought, among other things, the imposition of a constructive trust on the account, see 56 Fla.Jur.2d Trusts § 99 (1985), the injunctive order is affirmed.
In so holding, we reassert the appropriateness of injunctive relief to protect pendente lite what is asserted to be the res of a trust implied by operation of law. Hudson Nat'l Bank v. Shapiro, 695 F.Supp. 544 (S.D.Fla.1988); ITT Community Dev. Corp. v. Barton, 457 F.Supp. 224 (M.D.Fla.1978); Escudero v. Hasbun, 689 So.2d 1144 (Fla. 3d DCA 1997); Olivares v. Posada, 682 So.2d 704 (Fla. 3d DCA 1996)(per curiam); Tabsch v. Nojaim, 548 So.2d 851 (Fla. 3d DCA 1989); Korn v. Ambassador Homes, Inc., 546 So.2d 756 (Fla. 3d DCA 1989); Constance v. Constance, 366 So.2d 804 (Fla. 3d DCA 1979), cert. denied, 376 So.2d 70 (Fla.1979); see Mendes v. Dowelanco Indus. LTDA., 651 So.2d 776, 779 n. 2 (Fla. 3d DCA 1995)(raising but not resolving issue); Barbouti v. Lysandrou, 559 So.2d 648, 649 n. 2 (Fla. 3d DCA 1990)(same). The trust situation is clearly distinguishable from such cases as Oxford Int'l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla.1980) and Konover Realty Assocs., Ltd. v. Mladen, 511 So.2d 705 (Fla. 3d DCA 1987), which hold that pretrial injunctions or other restraints upon the dissipation of property, which serve merely to preserve funds for execution upon an eventual judgment, are unavailable in an action for money damages alone.
The appellant's other objections to the injunctive order, including the claim that it was not supported by a demonstrated likelihood that Ms. Castillo would prevail in the litigation itself, are likewise without merit.
Affirmed.