770 So.2d 1276 (2000)
Harald BLECHER, Anton Philipp, E.K.U. Capital, Inc., E.K.U. Capital, Inc. d/b/a Wall Street Direct, and Wall Street Direct U.S.A., Inc., a Florida corporation, Appellants,
v.
DREYFUS BROKERAGE SERVICES, INC., a California corporation, Appellee.
No. 3D00-1670.
District Court of Appeal of Florida, Third District.
November 15, 2000.
*1277 Tew & Nowak and Dennis Nowak, Miami, for appellants.
Holland & Knight and Scott B. Newman and Joseph J. Ward (West Palm Beach), for appellee.
Before JORGENSON, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
Harald Blecher, Anton Philipp, E.K.U. Capital, Inc., E.K.U. Capital, Inc. d/b/a Wall Street Direct, and Wall Street Direct U.S.A., Inc., a Florida corporation, [collectively E.K.U.], defendants below, seek review of an order denying their motion to dissolve a temporary injunction in an action brought by Dreyfus Brokerage Services, Inc., a California corporation [Dreyfus]. We affirm.
In December of 1999 E.K.U. opened an account with Dreyfus with $3,000.00 received from a foreign client. On February 29, 2000, 35,000 shares of American Financial Holdings stock valued at about $400,000.00 were mistakenly transferred into the E.K.U. account. Allegedly assuming that these shares represented an additional investment by its foreign client, E.K.U. proceeded to sell the shares and withdrew the proceeds of the sale from the E.K.U. account.
Dreyfus did not discover its mistake until April 2000, at which time it demanded reimbursement from E.K.U. When the demand was refused, Dreyfus instituted the instant action which included a claim for a constructive trust as to the proceeds of sale of the stock. Dreyfus simultaneously obtained an ex parte temporary injunction freezing what remained of the proceeds withdrawn from the E.K.U. account. E.K.U. brings this interlocutory appeal from the trial court's subsequent denial of its motion to dismiss the injunction.
Unlike actions which seek only monetary damages, this court has previously determined injunctive relief to be appropriate to protect the res in a claim for constructive trust. Castillo v. De Castillo, 701 So.2d 1198 (Fla. 3d DCA 1997); compare Oxford Int'l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979). We, therefore, find no error in the trial court's refusal to dissolve the injunction herein.
Affirmed.