ALTENBERND, Judge.
E.S. Thomas & Associates, Inc. (“E.S.Thomas”), appeals the trial court’s nonfinal order denying its motion for temporary injunction. E.S. Thomas sought to *397 enjoin Michele R. Powell from soliciting business from its customers, and from attempting to convince its agents to terminate their business relationships with E.S. Thomas. Because we are unable to conclude, based on our record, that the trial court erred in denying E.S. Thomas’s motion for temporary injunction, we affirm.
This case revolves around an independent contractor’s agreement between E.S. Thomas, an insurance broker, and Ms. Powell, an independent insurance agent. The agreement includes nonsolicitation and noncompetition covenants. Ms. Powell filed a complaint against E.S. Thomas for declaratory judgment and for breach of contract, challenging the enforceability of the covenants. She alleged that E.S. Thomas breached the agreement by failing to pay her commission due in December 2000.
E.S. Thomas filed its response to Ms. Powell’s complaint and counterclaimed, alleging that Ms. Powell breached the agreement by violating the nonsolicitation and noncompetition covenants. Several months into the lawsuit, E.S. Thomas filed a motion for temporary injunction. The trial court held an evidentiary hearing on the motion and entered an order denying E.S. Thomas’s motion for temporary injunction without explanation.
Our review of the trial court’s order denying E.S. Thomas’s motion for temporary injunction has been more difficult because the trial court did not indicate its reasons for denying the motion. The parties were required to brief all of the elements and defenses that may have been of interest to the trial court. We recognize that trial courts are required to specify the reasons for their decisions only when temporary injunctions are granted. Fla. R. Civ. P. 1.610(c). However, it would have been easier to assess the correctness of the trial court’s order if some explanation had been provided.
From a review of the record, it appears that the trial court concluded that E.S. Thomas did not carry its heavy burden of establishing irreparable harm and a likelihood of success on the merits. See Infinity Radio, Inc. v. Whitby, 780 So.2d 248 (Fla. 4th DCA 2001). On the basis of the record before us, we cannot determine that the trial court abused its discretion.
Although we affirm the trial court’s order, we emphasize that this case is complex and the testimony was in significant dispute at the time of the temporary injunction hearing. It is entirely possible that E.S. Thomas may ultimately prove it is entitled to permanent relief.
Affirmed.
NORTHCUTT and CASANUEVA, JJ., concur.