973 So.2d 614 (2008)
Douglas A. BRICEÑO, Appellant,
v.
BRYDEN INVESTMENTS, LTD., Appellee.
No. 3D07-1948.
District Court of Appeal of Florida, Third District.
January 23, 2008.
*615 Garbett, Stiphany, Allen & Roza, and Philip A. Allen, III, Miami, for appellant.
Tew Cardenas LLP, and Joseph A. DeMaria, Matias R. Dorta, and Maria N. Vernace, Miami, for appellee.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, Judge.
The plaintiff, Douglas A. Briceño ("Briceño"), appeals from a non-final order denying his motion for temporary injunction. We affirm,
Briceño filed suit against Bryden Investments, Ltd. ("Bryden"), a Cayman Islands corporation, seeking, in part, the imposition of a constructive trust and equitable lien on $2,000,000 held in an account at Wachovia Securities, LLC ("Wachovia"). The amended complaint alleges as follows. As part of a transaction to purchase Venezuelan bonds through an investment broker, Bricerio, as instructed, wired a total of $2,000,000 to "First Clearing LLC, Account Number XXXXXXXXXXXXX for further credit to Bryden Inv. Inc. [Bryden Inc.], Account Number 1842 7051." Briceño never received the bonds, and he later learned that Bryden Inc. does not exist, and that Wachovia account # 1842 7051 belongs to Bryden. In addition to the amended complaint, Briceño filed an ex parte motion for temporary injunction, seeking to preserve the $2,000,000 in the Wachovia account, pending resolution of his constructive trust claim.
The trial court granted Briceño's request for a temporary injunction, preventing the transfer or dissipation of, the $2,000,000 in the Wachovia account. *616 Thereafter, the trial court also granted Briceño's Motion for Final Default Judgment, imposing an equitable lien and constructive trust on the $2,000,000 in favor of Bricerio, and awarding prejudgment interest and costs in the amount of $136,420.38 to Bricerio. Moreover, the Final Default Judgment dissolved the temporary injunction as moot. As required by the Final Default Judgment, Wachovia transferred the $2,000,000 to Briceño.
Following the transfer of the $2,000,000 to Briceño, the trial court granted Bryden's motion to vacate the Final Default Judgment, and ordered Briceño to deposit into the court's registry the $2,000,000 plus interest that accrued while Briceño had possession of the $2,000,000.[1]
After the Final Default Judgment was vacated, Bryden filed a Motion for Immediate Disbursement of Interest, seeking release of $136,164.38 that remained in the Wachovia account. Bryden scheduled its motion for July 5, 2007, and two days before the scheduled hearing, Briceño delivered a "Motion to Reinstate Temporary Injunction Over Interest Proceeds Accruing on Enjoined Funds" ("Motion for Temporary Injunction Over Interest Proceeds"), requesting that the trial court enjoin the release of the accrued interest in the Wachovia account, pending the litigation of its constructive trust claim.
Following the July 5, 2007 hearing, on July 10, 2007, the trial court granted Bryden's Motion for Immediate Disbursement of Interest, authorizing Wachovia to disburse the accrued interest, which now totaled $154,000. The trial court also granted Briceño's request for a stay. Thereafter, on July 18, 2007, the trial court denied Briceño's Motion for Temporary Injunction Over Interest Proceeds, subject to the stay provision of the July 10, 2007 order. This non-final appeal followed.
In this non-final appeal, Briceño argues that the trial court abused its discretion by denying his Motion for Temporary Injunction Over Interest Proceeds, as the accrued interest is part of the res of the constructive trust. We disagree.
"A trial court has wide discretion to grant or deny a temporary injunction and an appellate court will not interfere with the exercise of such discretion unless the party challenging the grant or denial clearly shows an abuse of that discretion." Perry & Co. v. First Sec. Ins. Underwriters, Inc., 654 So.2d 671, 671 (Fla. 3d DCA 1995); see also Cohen Fin., LP v. KMC/EC LLC, 967 So.2d 224, 226 (Fla. 3d DCA 2007) ("In reviewing a trial court's ruling on a request for a temporary injunction, we must affirm unless the appellant establishes that the trial court committed a clear abuse of discretion.").
In Florida, an injunction cannot be entered to prevent a party from using or disposing of his assets prior to the conclusion of a legal action. See Pianeta Miami, Inc. v. Lieberman, 949 So.2d 215, 217 (Fla. 3d DCA 2006) ("It is well settled that an injunction cannot be used to restrain the use of a party's unrestricted assets prior to the conclusion of an action at law."); Weinstein v. Aisenberg, 758 So.2d 705, 706 (Fla. 4th DCA 2000) ("Even where the party seeking injunctive relief alleges that the opposing party may dissipate bank assets, a judgment for money damages is adequate and injunctive relief is improper, notwithstanding the possibility that a money judgment will be uncollectible."); Lawhon v. Mason, 611 So.2d 1367, 1368 (Fla. 2d DCA 1993) ("An injunction cannot be used to enforce money damages or prevent a party from disposing of assets prior to the conclusion of an action at law."); Kanover *617 Realty Assocs., Ltd. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987) ("It is entirely settled by a long and unbroken line of Florida cases that in an action at law for money damages, there is simply no judicial authority for . . . any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment.") (footnote omitted).
An exception to this general rule, however, is that a trial court may enter a pretrial injunction to protect the res of a constructive trust. See Blecher v. Dreyfus Brokerage Servs., Inc., 770 So.2d 1276, 1277 (Fla. 3d DCA 2000) (holding that injunctive relief is "appropriate to protect the res in a claim for constructive trust"); Castillo v. Vlaminck de Castillo, 701 So.2d 1198, 1199 (Fla. 3d DCA 1997) ("[W]e reassert the appropriateness of injunctive relief to protect pendente lite what is asserted to be the res of a trust implied by operation of law."); Korn v. Ambassador Homes, Inc., 546 So.2d 756, 757 (Fla. 3d DCA 1989) (holding that "a temporary injunction lies to freeze the res of an alleged constructive trust upon a showing . . . that the res is in a probable danger of dissipation and that there is a reasonable likelihood of success on the merits with respect to the constructive trust claim").
In the instant case, contrary to Briceño's argument, the res of the alleged constructive trust is limited to the $2,000,000, and does not include interest that accrued while the res was in Bryden's possession in the Wachovia account. We acknowledge that if Briceño prevails on the merits, not only would he be entitled to recover the $2,000,000 res, but he would be entitled to prejudgment interest and costs. However, Briceño is not entitled to injunctive relief to protect the accrued interest in order to ensure the collection of the prejudgment interest and costs. Therefore, we conclude that, on the merits, the trial court did not abuse its discretion by denying Briceño's Motion for Temporary Injunction Over Interest Proceeds.
Briceño also argues that this Court must reverse the order denying his motion for temporary injunction because the trial court failed to specify its reasons for denying the motion. We disagree.
Florida Rule of Civil Procedure 1.610(c), titled "Form and Scope," provides as follows:
Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.
(Emphasis added). Pursuant to rule 1.610(c), a trial court "shall specify" the reasons for its decision only when it enters an injunction. See E.S. Thomas & Assocs., Inc. v. Powell, 827 So.2d 396, 397 (Fla. 2d DCA 2002) ("We recognize that trial courts are required to, specify the reasons for their decisions only when temporary injunctions are granted. Fla. R. Civ. P. 1.610(c). However, it would have been easier to assess the correctness of the trial court's order [denying the temporary injunction] if some explanation had been provided."). Therefore, the trial court's failure to specify its reasons for denying Briceño's Motion for Temporary Injunction Over Interest Proceeds does not warrant reversal.
We do not address the remaining arguments raised by Briceño as they lack merit. Accordingly, we affirm the order under review.
Affirmed.
NOTES
[1] This order was stayed, and Briceño remains in possession of the $2,000,000.