STEVENSON, J.
M.I. Industries USA, Inc. (M.I.) appeals the trial court’s denial of its motion to dissolve an ex parte injunction entered in favor of the Attorneys’ Title Insurance Fund, Inc. (the Fund) enjoining M.I. from transferring or withdrawing funds from its bank accounts and selling or otherwise disposing of any real or personal property. The Fund has filed a cross-appeal contesting the trial court’s decision to release a portion of M.I.’s frozen assets and to increase the injunction bond. Because a claim for money damages fails to provide a sufficient basis for injunctive relief, we reverse the order denying M.I.’s motion to dissolve the injunction and we affirm the Fund’s cross-appeal as moot.
In the action below, the Fund asserted that one of its member-agents participated in illegal land flipping schemes with M.I. and a title company. The member-agent allegedly funneled the substantial profits acquired by these schemes through her attorney’s trust account into M.I.’s bank accounts. Because the title company im-permissibly used the Fund’s title insurance and closing forms to conduct these deals, the Fund maintained that the substantial profits should be preserved so the money would remain available to insure the non-party purchasers. The trial court granted the Fund’s ex parte motion for injunction. Following a hearing, the trial court denied M.I.’s motion to dissolve the injunction, but modified some of its terms. The instant appeal and cross-appeal followed.
Generally, an injunction seeking to freeze a bank account is improper. E.g., Hiles v. Auto Bahn Fed’n, Inc., 498 So.2d 997, 998 (Fla. 4th DCA 1986) (holding that the loss of money from a bank account does not constitute irreparable harm because that loss can be compensat *629 ed by money damages). However, injunc-tive relief is appropriate to protect what is asserted to be the res of a trust during the pendency of litigation. Gruder v. Gruder, 433 So.2d 23, 24 (Fla. 4th DCA 1983) (affirming injunction where trustee feared removal of trust’s liquid assets). If the enjoined money remained specifically identifiable in the member-agent’s attorney’s trust account, then the injunction may have been proper. However, because the member-agent transferred the money to M.I.’s bank accounts, commingling the funds, we find the instant injunction improper.
Furthermore, the Fund expressly sought damages in its complaint against M.I. for unjust enrichment. Thus, money damages will suffice to compensate any loss incurred by the Fund. See Weinstein v. Aisenberg, 758 So.2d 705, 706 (Fla. 4th DCA 2000) (holding that where plaintiffs filed a complaint for conversion, unjust enrichment, and injunctive relief, they had an adequate remedy at law). Regardless of the Fund’s allegation that M.I. will dissipate its bank accounts, a judgment for money damages is proper notwithstanding the possibility that it could be uncollectible. See id. at 706 (citing Hiles, 498 So.2d at 999).
Finally, it is improper to enter an injunction preventing a party from using or disposing of its assets prior to the conclusion of a legal action. Briceño v. Bryden Invs., Ltd., 973 So.2d 614, 616-17 (Fla. 3d DCA 2008) (affirming denial of motion to enjoin interest accrued on res of constructive trust). Accordingly, we reverse the trial court’s denial of M.I.’s motion and remand with directions to dissolve the injunction.
KLEIN, J., and KELLEY, GLENN D., Associate Judge, concur.