SALTER, J.
BankAtlantic appeals two non-final circuit court orders directing it to transfer the funds in a deceased physician’s professional association account to the depository account (at a different bank) established for the administration of his estate. We reverse both orders and remand for the entry of an order directing repayment of the funds (and any earnings thereon) to the account from which they were transferred.
BankAtlantic was a secured creditor of the late doctor’s professional association under a note and mortgage. The promissory note included a right of setoff:
RIGHT OF SETOFF. To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower’s accounts with Lender (whether checking, savings, or some other account).... *1223 Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and^all such accounts and, at Lender’s option, to administratively freeze all such accounts to allow Lender to protect Lender’s charge and setoff rights provided in this paragraph.
The decedent personally guaranteed his professional association’s promissory note, and his death constituted an event of default under that note. The orders requiring transfer of the funds to a different bank thus impaired BankAtlantic’s right of setoff. Although the parties agreed that the deceased physician owned all of the shares of his professional association, there was no evidence presented to support a “piercing of the corporate veil” under Dania Jai-Alai Palace v. Sykes, 450 So.2d 1114 (Fla.1984), or any other alter ego theory. While the appellee Estate was apparently entitled to take possession of the professional association stock held by the doctor at his death,[1] no such conclusion extended to the association’s funds on deposit in the corporate name at BankAtlantic. In Gettinger v. Gettinger, 165 So.2d 757 (Fla.1964), the Supreme Court of Florida held that “the affairs of a corporation, even though substantially owned by a decedent, cannot be administered by decedent’s executor as assets of the decedent’s estate.” In this case, “substantially” is 100%, and the result is identical.
The Estate seeks affirmance of the orders below on three independent grounds: (1) that the orders are not appealable; (2) that the Estate has the power to “take charge of and marshal” the funds in the professional association account; and (3) that the probate court ruling should be upheld because no decision was made regarding any competing claims to the funds. None of these arguments is persuasive.
As to jurisdiction, the orders are reviewable non-final orders under Florida Rule of Appellate Procedure 9.130(a)(3)(B). CMR Distrib., Inc. v. Resolution Trust Corp., 593 So.2d 593 (Fla. 3d DCA 1992). Regarding the Estate’s second argument, section 69.031(1), Florida Statutes (2010), and the cases cited by the Estate refer to marshaling “part or all of the personal assets of the estate” and to the use of court-approved depositories for such assets. The point in this case is that the stock of the professional association is an asset of the Estate, but the funds of the professional association are a step removed from the Estate. The decedent’s Estate essentially ignored the separate corporate existence of the professional association and that entity’s obligations to its own creditors.
The third argument also fails. BankAt-lantic’s rights are not protected just because the funds are frozen in a restricted depository account of the Estate. In this case, BankAtlantic’s possessory and contractual rights to setoff are impaired by the transfer to a different bank.[2]
Reversed and remanded, with directions to order the return of the transferred funds (and any interest earned on such funds while in the transferee bank’s possession) to BankAtlantic.

. § 733.607(1), Fla. Stat. (2010); Perez v. Lopez, 454 So.2d 777 (Fla. 3d DCA 1984).

. As an example of another such impairment, if the transferee bank later failed, BankAtlantic would have to protect its interests as an indirect creditor of the estate’s depository account (not as a direct creditor of a named account holder/debtor) in the transferee bank’s liquidation.