WELLS, Chief Judge.
 

 Stand Up for Animals, Inc. (“SUFA”), the defendant below, appeals from a non-final order denying its motion to dissolve a prejudgment,
 
 ex parte
 
 injunction freezing the assets in two of its Florida bank accounts. Because a prejudgment asset-freeze is impermissible where, as here, the plaintiff has an adequate remedy at law, we reverse.
 
 See Lopez-Ortiz v. Centrist Sav. Bank,
 
 546 So.2d 1126, 1127 (Fla. 3d DCA 1989) (recognizing that in order to obtain a prejudgment injunction freezing bank assets, the movant must establish “the likelihood of irreparable harm because of the unavailability of an adequate remedy at law” (quoting
 
 Oxford Int’l Bank, & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 374 So.2d 54, 56 (Fla. 3d DCA 1979))).
 

 This action stems from a contract between Monroe County and SUFA pursuant to which SUFA was to provide animal control services in the Middle Keys. In the summer of 2010, while the parties’ contract was up for renewal, the County conducted a formal audit of SUFA.
 

 During the audit process, the County auditor raised a number of issues concerning SUFA’s compliance with the contract, specifically claiming that SUFA was charging adoption fees beyond those approved by the County and keeping some of the fees that it had collected rather than remitting them to the County as purportedly required by the parties’ contract. Based on these determinations, the County initiated the instant action against SUFA seeking equitable and injunctive relief.
 

 In conjunction with these claims, the County moved,
 
 ex parte,
 
 for a temporary injunction freezing the funds held in SUFA’s two Florida bank accounts for the purpose of preventing dissipation of those funds. The motion was granted and, although the order freezing SUFA’s accounts subsequently was modified to permit SUFA to withdraw money from one of the accounts to cover operating expenses, SUFA’s motion to dissolve the injunction
 
 *1013
 
 altogether was denied. Because the County has an adequate remedy at law, we reverse.
 

 It is well established that a prejudgment temporary injunction must be supported by evidence of “[a] clear legal right or interest in the subject matter of the suit, the likelihood of irreparable harm because of the unavailability of an adequate remedy at law, and a substantial likelihood of success on the merits.”
 
 Id.
 
 at 1127 (quoting
 
 Oxford Int'l, Bank & Trust, Ltd.,
 
 374 So.2d at 56). It is equally clear that “[ijrreparable harm for the purposes of an injunction is not established where the harm can be compensated for adequately by money damages.”
 
 Supreme Serv. Station Corp. v. Telecredit Serv. Ctr., Inc.,
 
 424 So.2d 844, 844 (Fla. 3d DCA 1982). “Even where the party seeking injunctive relief alleges that the opposing party may dissipate bank assets, a judgment for money damages is adequate and injunctive relief is improper, notwithstanding the possibility that a money judgment will be uncollectible.”
 
 Weinstein v. Aisenberg,
 
 758 So.2d 705, 706 (Fla. 4th DCA 2000);
 
 see also M.I. Indus. USA Inc. v. Attorneys’ Title Ins. Fund, Inc.,
 
 6 So.3d 627, 629 (Fla. 4th DCA 2009);
 
 Konover Realty
 
 Assocs.,
 
 Ltd. v. Mladen,
 
 511 So.2d 705, 706 (Fla. 3d DCA 1987).
 

 The County’s claims in this case, while sounding in equity, are no more than a claim for damages stemming from a breach of contract: Count I of the complaint seeks a declaration determining whether SUFA charged and collected fees in excess of that allowed by the parties’ contract and, if so, whether the County is entitled to any portion of the excess collected; Count II seeks an accounting to determine whether any fees collected by SUFA should have been paid to the County; and Count III seeks only to freeze SUFA’s bank accounts because “[o]n information and belief,” SUFA had been collecting fees in excess of that allowed and had been either misusing these funds or failing to remit them to the County as alleged in Counts I and II of the complaint. Because the allegations assert no more than a breach of contract compensa-ble by a damage award, no irreparable harm essential to secure injunctive relief freezing SUFA’s bank accounts could be demonstrated.
 
 See B.G.H. Ins. Syndicate, Inc. v. Presidential Fire & Cas. Co.,
 
 549 So.2d 197, 198 (Fla. 3d DCA 1989) (reversing an injunction entered based upon a claim of fraud, finding that the appellees’ “ability to obtain a money judgment against [the appellant] should a breach of contract be proven is an adequate remedy at law”);
 
 Mladen,
 
 511 So.2d at 706 (finding that the plaintiff was not entitled to a prejudgment injunction in an action for money damages arising out of a contract).
 

 We also reject the County’s argument that it was entitled to an order freezing SUFA’s bank accounts because the funds on deposit constitute the res of a trust. The County does not claim that SUFA’s bank accounts are trust accounts or that all of the funds deposited in them belong to or are being held for the benefit of the County. Nor does the County allege any basis on which a constructive trust could be imposed on the funds held in SUFA’s bank accounts. While it is well settled that a trial court may enter a pretrial injunction to protect the res of a constructive trust, “Florida courts will impress property with a constructive trust only if the trust res is specific, identifiable property or if it can be clearly traced in assets of the defendant which are claimed by the party seeking such relief.”
 
 Finkelstein v. Se. Bank, N.A.,
 
 490 So.2d 976, 983 (Fla. 4th DCA 1986). Because the res of a trust must be specifically identifiable, funds deposited into an account and comin-gled with other funds cannot ordinarily be
 
 *1014
 
 the subject of an injunction.
 
 M.I. Indus. USA Inc.,
 
 6 So.3d at 628-29;
 
 BNB Constr., Inc. v. Nicon Constr., Inc.,
 
 13 So.3d 1107, 1108 (Fla. 4th DCA 2009) (quashing an order sequestering funds deposited in four bank accounts because the funds deposited in the accounts had not remained “sufficiently identifiable”). The County’s
 
 ex parte
 
 motion to freeze SUFA’s accounts confirms that these criteria for imposition of a constructive trust cannot be met:
 

 The emergency,
 
 ex parte
 
 temporary injunction seeks to freeze the bank accounts in question until such time as an accounting can be conducted as to each account and it can be determined what portion of the funds contained in each account are due and owing to the County, and thereafter, the funds that belong to the County are transferred to the custody and control of the Clerk.
 

 (Footnote omitted).
 

 Because neither the existence of a trust nor any basis for imposing one has been demonstrated to exist, and because the County has an adequate remedy at law, the order on appeal is reversed with this matter remanded with directions to dissolve the injunction.