**Daniel AMES, Appellant,**

v.

**Luis AMES, Appellee.**

No. 4D16–183.

District Court of Appeal of Florida, Fourth District.

Nov. 16, 2016.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, and David C. Kotler of CohenKotler, P.A., Boca Raton, for appellant.

Daniel E. Jonas of Law Office of Daniel E. Jonas, Davie, and Michael W. Skop, Davie, for appellee.

KLINGENSMITH, J.

Daniel Ames appeals the entry of a temporary ex parte injunction as well as the

---

denial of his motion to dissolve that injunction. The trial court issued this injunction to preserve money belonging to Daniel's eighty-year-old father, Luis Ames. For the reasons below; we affirm.

In the underlying case, the father is suing his sons, Daniel and Joseph, for breach of fiduciary duty under power of attorney, fraud, and unjust enrichment. It is alleged that Daniel used the father's power of attorney to liquidate more than $1 million in the father's investment account, and used another power of attorney to sell the father's condominium and kept the proceeds. Daniel claims these assets were given to both sons as gifts. The court granted the father's request for an ex parte injunction, and after an evidentiary hearing which neither Daniel nor Joseph attended, the court entered a temporary injunction freezing all of the sons' assets but not prohibiting them from paying reasonable living expenses and debts.[1] Although the court indicated it was willing to modify the scope of the injunction,[2] Daniel's counsel expressly indicated that no modification was being requested, instead arguing that no injunction of any kind should be issued. This appeal followed.

■ A temporary injunction will not be overturned absent a clear abuse of discretion. See Eco–Tradition, LLC v. Penn-zoil–Quaker State Co., 137 So.3d 495, 496 (Fla. 4th DCA 2014). Here, the court explained that it was ordering the temporary injunction because the father's assets, which the father needs to survive while showing signs of dementia, were being dis-

sipated; therefore, a money judgment entered later would not suffice. See Smith v. Knight, 679 So.2d 359, 361–62 (Fla. 4th DCA 1996) (stating that an ex parte temporary injunction is appropriate when notice of a hearing could cause "unsecured assets to be liquidated in the context of a fraudulent enterprise").

■ Ordinarily, a constructive trust can be impressed only if the trust res is specific, identifiable property or if it can be clearly traced in assets of the defendant. See Finkelstein v. Se. Bank, N.A., 490 So.2d 976, 983 (Fla. 4th DCA 1986). To make this showing, the father served a notice of production inquiring about the subject assets after the sons moved to dissolve the injunction, but no information was ever provided by the sons. The sons also refused the father's attempt to have them provide depositions in this matter.

Here, the trial court entered the temporary injunction because the father needed the assets to survive while experiencing health issues.[3] Further, the sons failed to appear at the evidentiary hearing, failed to provide any discovery to the father, and failed to indicate where the father's money went so the court could enter a more limited injunction. Therefore, the trial court did not abuse its discretion, and we affirm.

*Affirmed.*

FORST, J., concurs.

WARNER, J., dissents with opinion.

---

1. Although the language of the injunction was broad, according to the father's counsel, only one bank account was actually frozen. Counsel for the sons did not dispute this.

2. The sons refused to agree on any amount to give the father to live on, thereby rendering him effectively destitute.

3. The sons stopped paying for the father's residency in an assisted living facility before the entry of the injunction.

**134**

WARNER, J., dissenting.

This is an appeal of a temporary injunction, freezing all of the appellant's assets pending final determination on this complaint for fiduciary duty and breach of a constructive trust. The appellee, the father of the appellant, claims that his sons liquidated all of his assets, using a power-of-attorney executed by the father when he was found to be incompetent to stand trial in a criminal proceeding. The father could not identify or trace where any of his monies had gone, except possibly the proceeds of the sale of his condominium. The trial court entered an ex parte injunction and then denied a motion to dissolve the injunction without conducting an evidentiary hearing.

While it is well settled that a trial court may enter a pretrial injunction to protect the res of a constructive trust, "Florida courts will impress property with a constructive trust only if the trust res is specific, identifiable property or if it can be clearly traced in assets of the defendant which are claimed by the party seeking such relief." *Finkelstein v. Se. Bank, N.A.*, 490 So.2d 976, 983 (Fla. 4th DCA 1986). Because the res of a trust must be specifically identifiable, funds deposited into an account and comingled with other funds cannot ordinarily be the subject of an injunction. *M.I. Indus. USA Inc. v. Attorneys' Title Ins. Fund, Inc.*, 6 So.3d 627, 628–29 (Fla. 4th DCA 2009); *BNB Constr., Inc. v. Nicon Constr., Inc.*, 13 So.3d 1107, 1108 (Fla. 4th DCA 2009) (quashing an order sequestering funds deposited in four bank accounts because the funds deposited in the accounts had not remained "sufficiently identifiable"); *Stand Up for Animals, Inc. v. Monroe Cty.*, 69 So.3d 1011, 1013–14 (Fla. 3d DCA 2011).

Although this case may make a compelling reason to make an exception to the general rule, without overturning our own precedent of *Finkelstein*, I conclude we have no other choice than to reverse for an evidentiary hearing where the father has an opportunity to prove all the elements of the temporary injunction. Therefore, I dissent.