# Third District Court of Appeal

## State of Florida

Opinion filed June 14, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-284
Lower Tribunal No. 17-1040
_____

**Marcus Berto and Werner Batista,**
Appellants,

vs.

**Meridian Trust Company, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Bilzin Sumberg Baena Price & Axelrod and José M. Ferrer and Yasmin Fernandez-Acuña; Reed Smith LLP, Edward M. Mullins and Ana Maria Barton, for appellants.

Aballí Milne Kalil, P.A., Hendrik G. Milne and Craig P. Kalil, for appellees.

Before SUAREZ, C.J., and EMAS and LOGUE, JJ.

EMAS, J.

Appellants Marcus Berto and Werner Batista seek review of an ex parte temporary injunction which enjoins them from removing, disposing of, dealing with, transferring, mortgaging, hypothecating, or diminishing the value of any assets in Florida up to the value of nearly $63 million, with certain limited exceptions. Appellees have conceded, and we agree, that the trial court's order must be reversed and remanded because it is facially deficient.[1]

Moreover, and as to Marcus Berto and Werner Batista, we conclude that the allegations in the ex parte motion, together with its supporting documents, are insufficient to justify the trial court's entry of a temporary injunction as to these two appellants. See § 726.108(1)(c), Fla. Stat. (2017) (providing in an action for relief under Florida's Uniform Fraudulent Transfer Act, a creditor may obtain "an injunction against further disposition by the debtor or a transferee, or both," but "subject to applicable principles of equity and in accordance with the applicable rules of civil procedure") (emphasis added); Stand Up for Animals, Inc. v. Monroe Cty., 69 So. 3d 1011 (Fla. 3d DCA 2011); Buchanan v. Sullivan, 620 So. 2d 1301, 1302 (Fla. 4th DCA 1993) (noting, "[t]he fly in the ointment is that there was absolutely no evidence actually presented to the judge establishing" the asserted basis for injunctive relief.)

---

[1] See Fla. R. Civ. P. 1.610(a)(2) (providing, inter alia: "Every temporary injunction granted without notice shall. . . state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given.")

Accordingly, we reverse and remand with instructions that the trial court vacate the ex parte temporary injunction as to appellants Marcus Berto and Werner Batista.