# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**SUZANNE TROMBINO,** individually, and as trustee of
**THE FAMILY TRUST CREATED UNDER THE JOSE I. ECHEVERRIA 2006 TRUST, AND AS TRUSTEE OF THE DOROTHY JEANNE 2006 TRUST,**
Appellant,

v.

**DALE ECHEVERRIA,**
Appellee.

No. 4D21-3525

[September 21, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 502021CP003785XXXXSB.

Peter M. Feaman and Nancy E. Guffey of Peter M. Feaman, P.A., Boynton Beach, for appellant.

Michael W. Kirshon, Boca Raton, for appellee.

PER CURIAM.

Suzanne Trombino appeals an order requiring her to deposit the proceeds from the sale of real property into a restricted depository pending the outcome of an action against her for breach of her fiduciary duties as a trustee. We reverse because there is no legal authority to support the restriction of the sale proceeds prior to the entry of a judgment.

## Background

This case involves the family of Jose and Dorothy Echeverria and their two adult children, Suzanne Trombino and Dale Echeverria. We will refer to the family members by their first names for the sake of clarity.

In 2006, Jose and Dorothy created two revocable individual trusts and an irrevocable family trust. The trust agreements provided that, upon the death of the first spouse, certain assets of that spouse's individual trust

would be distributed to the other spouse, and the remainder would be held in the family trust. Upon the death of the second spouse, the assets of that spouse's individual trust would be added to the family trust, and the family trust would then be distributed to Suzanne and Dale as specified.

Jose died in 2009, and Dorothy became the trustee of the family trust and both individual trusts. One asset of Dorothy's individual trust after Jose's death was a residential property in Highland Beach, Florida. In 2016, Dorothy deeded a life estate in the property to herself, with the remainder in fee simple absolute to Suzanne. A few weeks later, Dorothy resigned as trustee of the family trust and both individual trusts, and Suzanne was named as successor trustee. Dorothy died in 2021. Suzanne later listed the Highland Beach property for sale.

Soon after Dorothy's death, Dale filed a petition against Suzanne, individually and as trustee, seeking damages for breach of fiduciary duties and an accounting of Dorothy's individual trust and the family trust. He alleges that Suzanne mismanaged the assets of Dorothy's individual trust before her death and negatively affected his interest as a beneficiary of the family trust as a result. His claims are not related to the ownership of the Highland Beach property.

After Suzanne listed the Highland Beach property for sale, Dale filed a series of motions asking the court to require her to deposit the net proceeds from the sale into a restricted depository pending the resolution of his petition. He alleged that she did not have any other assets in Florida and planned to move to North Carolina, and he did not want to have to "chase her down" to collect a judgment if he prevailed on his petition. He argued that the court could restrict the sale proceeds under either section 69.031(1), Florida Statutes (2021), or section 736.1001(2)(c), Florida Statutes (2021).

The court granted Dale's motions and entered an order requiring Suzanne to deposit the net proceeds from the sale of the Highland Beach property into a restricted depository. The court did not state the legal basis for its order.

Suzanne filed a timely notice of appeal.

**Analysis**

This appeal presents questions of law and statutory interpretation, which we review de novo. *See Garcia v. Soto,* 337 So. 3d 355, 359-60 (Fla.

4th DCA 2022); *Nunes v. Herschman,* 310 So. 3d 79, 81 (Fla. 4th DCA 2021).

As a general rule, a court cannot restrict a defendant's assets solely to ensure collection of a potential money judgment, even when it is alleged that the assets may be dissipated before the judgment is entered. *See, e.g., Briceño v. Bryden Invs., Ltd.,* 973 So. 2d 614, 616 (Fla. 3d DCA 2008) ("[A]n injunction cannot be entered to prevent a party from using or disposing of his assets prior to the conclusion of a legal action."); *Konover Realty Assocs., Ltd. v. Mladen,* 511 So. 2d 705, 706 (Fla. 3d DCA 1987) ("[I]n an action at law for money damages, there is simply no judicial authority for . . . any restraint upon the use of a defendant's unrestricted assets prior to the entry of judgment.") (citations and footnote omitted). Neither of the statutes which Dale relied on in this case, section 69.031(1) or section 736.1001(2)(c), provides an exception to support the court's restriction on Suzanne's use of the proceeds from the sale of the Highland Beach property before a judgment has been entered.[1]

The first statute, section 69.031(1), provides that the court may order the personal property of an "estate in process of administration" to be placed with a "bank, trust company, or savings and loan association" when "the size of the bond required of the officer is burdensome" or "for other cause." This statute does not apply in this case because neither the proceeds from the sale of the Highland Beach property, nor the property itself, are the personal property of an "estate in process of administration." Because Dorothy conveyed the remainder interest in the property to Suzanne before her death, the remainder interest was no longer an asset of her individual trust. The property passed to Suzanne in fee simple absolute upon Dorothy's death and never became an asset of the family trust. *See BankAtlantic v. Estate of Glatzer,* 61 So. 3d 1222, 1223 (Fla. 3d DCA 2011) (holding that section 69.031(1) did not support an order in a probate case restricting funds that were not part of the estate).

The second statute, section 736.1001(2)(c), provides that the court may order a trustee, as a remedy for a breach of trust, to pay money or otherwise restore the assets of the trust. This statute only describes the type of judgment that may be entered if Dale prevails on his claims that

---

[1] Dale argues for the first time on appeal that the court was authorized to enter a pretrial injunction to protect the sale proceeds as the res of an alleged constructive trust. *See Briceño,* 973 So. 2d at 617; *M.I. Indus. USA Inc. v. Attorneys' Title Ins. Fund, Inc.,* 6 So. 3d 627, 629 (Fla. 4th DCA 2009). This argument was not preserved for appeal, and it is misplaced because Dale has not alleged a claim for constructive trust.

Suzanne breached her fiduciary duties as trustee; it does not provide any basis for the restriction of Suzanne's personal assets before a judgment has been entered.

In summary, the court did not have any legal authority to require Suzanne to deposit the proceeds from the sale of the Highland Beach property into a restricted depository prior to the entry of a judgment against her. We therefore reverse the order on appeal.

*Reversed.*

GROSS, GERBER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4