# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0855
Lower Tribunal No. 22-2976

_____

## Precious Ezeamama,
Appellant,

## vs.

## In Re: The Estate of Catherine Ezeamama Chibugo,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Michael Van Cleve, Law, and Michael Van Cleve, for appellant.

No appearance for appellee.

Before LINDSEY, LOBREE, and BOKOR, JJ.

LINDSEY, J.

Appellant Precious Ezeamama appeals an order denying her Motion

to Determine Estate Assets in the underlying probate action.[1]  The trial court

_____

[1] We have jurisdiction to review orders rendered in probate cases that finally determine a right or obligation of an interested person, including orders that "determine an estate's interest in any property . . . ."  Fla. R. App. P. 9.170(b)(12).

determined that real property held by an LLC that was wholly owned by Catherine Ezeamama Chibugo (the "Decedent") was an Estate asset. Because the death of the sole member does not immediately dissolve a single-member LLC, we reverse.

## I.    BACKGROUND

At the time of her death, the Decedent was the sole member of a Limited Liability Company (the "LLC").   After the Decedent's passing, Richard B. Carmel Investments, LLC (the "Creditor") filed a Statement of Claim against the Estate for the outstanding balance on a note and mortgage on property owned by the LLC.

Precious Ezeamama, the Estate's Personal Representative, filed a Motion to Determine Estate Assets seeking a determination that the real property was not an Estate asset.   The Creditor did not file anything in opposition, and at the hearing, the Creditor's representative stated that she was not objecting to the Personal Representative's Motion.   The probate court determined that the single-member LLC immediately dissolved upon the Decedent's death and that the LLC's assets were therefore Estate assets.  The Personal Representative timely appealed.[2]

## II.    STANDARD OF REVIEW

---

[2] No Answer Brief has been filed.

"Because this is a question of law arising from undisputed facts, the standard of review is de novo."  Aills v. Boemi, 29 So. 3d 1105, 1108 (Fla. 2010); see also Borden v. East-European Ins. Co., 921 So. 2d 587, 591 (Fla. 2006) ("This issue involves a question of statutory interpretation and thus is subject to de novo review.").

## III.    ANALYSIS

The issues before us on appeal are: (1) whether the property of the Decedent's single-member LLC are assets of the Estate and (2) whether the LLC immediately dissolved upon the Decedent's death.[3]

### a.  The Assets of the LLC Are Not Estate Assets.

In Gettinger v. Gettinger, 165 So. 2d 757, 757 (Fla. 1964), the Florida Supreme Court held that "the affairs of a corporation, even though substantially owned by a decedent, cannot be administered by decedent's executor as assets of the decedent's estate."[4]  The fact that the Decedent

---

[3] The Personal Representative also presented this Court with issues related to the LLC winding up or being reinstated.  These issues were not brought before the probate court.  Therefore, we do not address them.

[4] Although the case at hand deals with an LLC rather than a corporation, the same principle is applicable: an LLC is an entity separate from its members, just as a corporation is separate from its shareholders.  See Joel W. Mohrman & Robert J. Caldwell, 1 Handling Business Tort Cases § 6:3 (2015 ed., June 2020 Update) ("[J]ust like the corporation, . . . an LLC is treated as a separate legal entity apart from its members."); see also Palma v. S. Fla. Pulmonary & Critical Care, LLC, 307 So. 3d 860, 866 (Fla. 3d DCA 2020) ("[A]n LLC is an autonomous legal entity, separate and distinct from its members.").

owned the LLC in full does not change this result.  See BankAtlantic v. Estate of Glatzer, 61 So. 3d 1222, 1223 (Fla. 3d DCA 2011) ("In [Gettinger], the Supreme Court of Florida held that 'the affairs of a corporation, even though substantially owned by a decedent, cannot be administered by decedent's executor as assets of the decedent's estate.' In this case, 'substantially' is 100%, and the result is identical.").  Thus, assets owned by a single-member entity are not estate assets.  See id. ("[T]he stock of the professional association is an asset of the Estate, but the funds of the professional association are a step removed from the Estate.").

### b. The LLC Did Not Immediately Dissolve when the Decedent Died.

Though the death of an LLC member is an event causing dissociation, dissolution is not automatic; rather, the LLC must be formally dissolved. Section 605.0602(7)(a), Florida Statutes (2023), provides that "[a] person is dissociated as a member if . . . [t]he individual dies . . . ."  Upon "[t]he passage of 90 consecutive days during which the company has no members" the LLC "is dissolved and its activities and affairs must be wound up . . . ."  § 605.0701(3), Fla. Stat. (2023).  Upon the occurrence of an event causing dissolution, set forth in section 605.0701(1)-(3), the LLC "shall deliver for filing articles of dissolution."  § 605.0707(1).  Then, "the [LLC] shall cease conducting its business and shall continue solely for the purpose of winding up its affairs . . . ."  § 605.0707(4).

4

Accordingly, when the Decedent died on March 23, 2023, she was dissociated from the LLC under section 605.0602(7)(a). Not until ninety days after she passed—well after the probate court's April 6, 2023 denial of the Motion to Determine Assets—did it become an event causing dissolution under section 605.0701. Section 605.0707 then requires the LLC to be dissolved by filing articles of dissolution. Still, the LLC continues for certain purposes, such as winding up. Id.

## IV. CONCLUSION

For the foregoing reasons, the probate court erred as a matter of law in finding that the Decedent's passing immediately dissolved the LLC. Therefore, we are compelled to reverse.

Reversed and remanded.