# Third District Court of Appeal
## State of Florida

Opinion filed March 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1515
Lower Tribunal No. 23-25805-CA-01
_____


**RPSS Group, LLC,**
Appellant,

vs.

**Miami Chassis & Alignment, Inc.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Brownstone, P.A., and Robert L. Sirianni, Jr. (Winter Park), for appellant.

The Orlofsky Law Firm, P.L., and Alexander S. Orlofsky, for appellee.


Before FERNANDEZ, LINDSEY, and GOODEN, JJ.

LINDSEY, J.

Appellant RPSS Group appeals a non-final "Order Denying Plaintiff's Emergency Motion for Temporary Injunctive Relief." In short, RPSS seeks the immediate return of a Lamborghini vehicle that Appellee Miami Chassis is holding due to nonpayment of disputed storage fees. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(B). Because the trial court did not abuse its discretion in denying the motion, we affirm.

We apply "a hybrid standard of review to the appeal of an order granting or denying a temporary injunction: 'To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.'" St. Brendan High School, Inc. v. Neff, 275 So. 3d 220, 222 (Fla. 3d DCA 2019) (quoting City of Miami v. City of Miami Firefighters' & Police Officers' Ret. Trust & Plan, 249 So. 3d 709, 713 (Fla. 3d DCA 2018)).

"To obtain a temporary injunction, a party seeking relief must satisfy the following four-part test: '[1] a substantial likelihood of success on the merits; [2] lack of an adequate remedy at law; [3] irreparable harm absent the entry of an injunction; [4] and that injunctive relief will serve the public interest.'" Id. (quoting Gainesville Woman Care, LLC v. State, 210 So. 3d 1243, 1258 (Fla. 2017)).

"A trial court has wide discretion to grant or deny a temporary injunction and an appellate court will not interfere with the exercise of such discretion unless the party challenging the grant or denial clearly shows an abuse of that discretion." Briceño v. Bryden Invs., Ltd., 973 So. 2d 614, 616 (Fla. 3d DCA 2008) (quoting Perry & Co. v. First Sec. Ins. Underwriters, Inc., 654 So. 2d 671, 671 (Fla. 3d DCA 1995)).

Here, on the record before us, we cannot hold that the trial court reversibly erred in finding that RPSS has an adequate remedy at law in the form of money damages. Accordingly, we affirm.

Affirmed.