NESBITT, Judge.
David Swartz appeals an order compelling him to vacate certain real property and ordering him to do all that he can to cause his wholly owned corporation to vacate that property. We reverse.
Probate proceedings commenced regarding the estate of Max Swartz on July 14, 1978. The deceased’s sons, David and Peter Swartz, and his widow, Esther Swartz, were appointed co-personal representatives of the estate.[1] At the time of Max’s death, he owned real properties in Miami and Marathon which were used in the seafood restaurant operation of East Coast Fisheries, Inc. (East Coast), a business owned one- *65 third by Peter, one-third by David and one-third by Max.[2]
In March 1984, Esther and Peter Swartz filed a complaint against David and ECF, Inc. (ECF). The complaint alleged that David had formed a wholly owned corporation called ECF, Inc. It further alleged that David, while acting as personal representative of the estate and without authorization of the co-personal representatives or the other shareholders of East Coast, had transferred all of the assets of East Coast to ECF and was running the seafood restaurant through that corporation. Finally, the complaint alleged that ECF was paying no rent to the estate and that David had failed to account to the estate for profits derived from the business. The petition sought damages, removal of David as personal representative and other relief. By agreement of the parties, the action on the complaint was declared an adversary proceeding under Florida Rules of Probate and Guardianship Procedure 5.025.
David Swartz and ECF both answered the complaint. David contends that in April 1979 ECF was formed to purchase, at fair market value, all of the assets and good will of East Coast. David maintains that he reached an oral agreement with Peter and Esther in that regard. David also contends that ECF occupies the Miami and Marathon properties pursuant to an oral lease under which ECF has paid a reasonable rent.
A conflict between personal representatives having arisen, the probate court, acting on the motions of all parties, entered an order, on September 14, 1984, appointing an administrator ad litem and an administrator pendente lite. The court made a finding that all of the personal representatives had neglected to carry out their responsibilities and ordered the administrator to file an interim report within sixty days detailing the status of the estate. The order also required all of the personal representatives to “turn over to the administrator the assets of the estate.”
On November 7, 1984, the administrator submitted his report. The report indicated that ECF had been using both the Miami and Marathon properties in the operation of the restaurant; • that while ECF had paid the estate some rent in the past, it was not presently doing so, and there was no evidence of a lease between David or ECF and the estate; and that ECF had paid little, if any, for East Coast’s assets. The administrator recommended that the probate court authorize him to demand possession of all of the real property held by a beneficiary of the estate or, in lieu thereof, to institute eviction proceedings.
Peter and Esther filed a motion seeking confirmation of the administrator’s report. David filed objections, arguing that ECF was entitled to an evidentiary hearing on its right to possession and that the estate should be required to post a bond to protect ECF from a wrongful eviction.[3] After two nonevidentiary hearings on these or similar motions, the administrator filed a motion for contempt. The motion sought to have David held in contempt for failing to vacate the Miami property. After a hearing on January 17, 1985, at which no evidence was taken, the probate court entered an order in which it found that no issue of fact was presented by David Swartz which would be a defense to the court’s action of requiring delivery of estate assets to the administrator. The order required David Swartz to vacate and turn over possession of the Miami and Marathon properties to the administrator. It also required David to take all steps within his control to cause ECF to surrender possession of the properties in question. That order is the one which David has appealed.
David argues that the circuit court, sitting in probate, was without jurisdiction to try a dispute relating to the right of possession of real property which he con *66 tends is within the exclusive jurisdiction of the county court pursuant to section 34.-011(2), Florida Statutes (1983). We disagree.
Section 34.011(2) gives the county court “exclusive jurisdiction of proceedings relating to the right of possession of real property and to the forcible or unlawful detention of lands and tenements, except as provided in s. 26.012.” (emphasis supplied). Section 26.012(2)(b), Florida Statutes (1983) gives the circuit court original jurisdiction “[o]f proceedings relating to the settlement of the estates of decedents and minors, the granting of letters testamentary ... and other jurisdiction usually pertaining to courts of probate.” These two sections read together provide the circuit court, in its probate capacity, with jurisdiction to determine the right of possession of real property in matters relating to the settlement of the estates of decedents.[4] Consequently, the probate court has jurisdiction to handle the dispute over the right to possession of the estate’s real property.[5]
David also argues that the probate court erred by ruling on the right to possession without an evidentiary hearing. On this point, we agree. The probate court found that there was no issue of fact presented by David Swartz which would be a defense to the request for delivery of the property. David has alleged the existence of an oral lease which, the appellees argue, is in violation of the statute of frauds, § 725.01, Fla.Stat. (1983), and therefore unenforceable. There is evidence, however, and the administrator acknowledged as much in his report, that some rent has been paid by David or ECF. In addition, ECF has been in possession of the property for a number of years. There is, therefore, at least a question of fact on the issue of part performance which would remove the oral lease from the statute of frauds. Poinciana Properties, Ltd. v. Englander Triangle, Inc., 437 So.2d 214 (Fla. 4th DCA 1983), review denied, 447 So.2d 887 (Fla. 1984); Moore v. Staalac, Inc., 166 So.2d 814 (Fla. 3d DCA), cert. denied, 171 So.2d 391 (Fla.1964). Accordingly, the order under review is reversed and the cause is remanded with directions to proceed in a manner consistent with this opinion.[6]
Reversed and remanded.

. While co-personal representatives are allowed in Florida, the practice has been criticized as unnecessary, wasteful and pregnant with potential conflict. Nesbitt, One Personal Representative is Enough, 54 Fla.BJ. 140 (Feb.1980). This case is a perfect example of the problems which can arise when family members who are beneficiaries also act as co-personal representatives. Had a disinterested personal representative been nominated by the decedent, this estate might have been administered without delay and dissipátion of estate assets.

. These were the ownership interests of the three family members prior to Max’s death. Accordingly, Max’s one-third share of the corporate stock is an estate asset.

. David and ECF never obtained a ruling on their request for a bond. Consequently, the issue is not before us and will not be decided.

. We find those cases decided when probate jurisdiction was vested in the county court inap-posite. The jurisdictional change was clearly meant to accomplish a more efficient use of judicial resources in probate proceedings. Our interpretation of the statutory provisions is consistent with that goal.

. It is apparent that there is also a dispute over the ownership and possession of the assets used in the seafood restaurant business. That dispute, however, is between East Coast and David or ECF. In addition, while one-third of the shares of East Coast is an asset of the estate (and the administrator is free to vote those shares), the assets used in the seafood business are not estate assets. See Gettinger v. Gettinger, 165 So.2d 757 (Fla.1964). Therefore, the dispute over those assets must be tried, if at all, between the appropriate parties and in the appropriate forum.

. Should the probate court find that ECF is wrongfully in possession it should order ECF, and not David, to turn over possession, unless, after the presentation of evidence, it finds that ECF is merely the alter ego of David.