FARMER, Judge.
Judgment creditors armed with a final judgment from Massachusetts brought a creditor’s bill in Florida against the wife of the judgment debtor, seeking to subject certain corporate securities to execution under their judgment. They claimed that a securities account in her name with a brokerage firm in Florida contained stocks that had been owned by him but which he had transferred to her (or in her name) through other brokers in a chain of post judgment transactions. All of these transfers, they asserted, were in violation of an order of the Massachusetts court that subjected the stocks to the lien of their judgment and similarly enjoined him from effecting any transfer of them. When she moved in the creditor’s bill proceedings for an order allowing her to continue to trade in the stocks pending a final disposition, the trial court instead enjoined the broker from allowing any activity in the account except as may be necessary for medical care for her. She appeals.
The fly in the ointment is that there was absolutely no evidence actually presented to the judge establishing all of the above.[1] Instead, the creditors acquired their evidence only after the hearing and supplied it to us here in a supplemental appendix with their brief. Had this evidence been before the trial judge, we should have no difficulty affirming his temporary injunction. As it is thus not part of the record on which the court granted the injunction, however, we have no choice but to reverse the injunction.
Because the subject of a bond is likely to arise again upon remand, we call the attention of the court and the parties to sections 48.23, 56.29(6)(a) and 726.108, Florida Statutes (1991). The February 11, 1990, post-judgment order of the Massachusetts judge, if genuine and continuing in effect, has apparently made the property in question subject to the lien in favor Of the judgment creditors. There seems little doubt to us that Florida would have to give full faith and credit to the order. Full faith and credit for the Massachusetts judgment may suggest that no bond can be required in Florida because none appears to have been required there.
While we thus reverse the present temporary injunction, we do so without prejudice. If after remand the judgment creditors should file and serve a proper notice of lis pendens and seek to renew the motion for the temporary injunction, the court shall consider:
(1) whether any bond may be imposed consistent with the requirement of full faith and credit;
(2) whether an injunction is proper when a notice of lis pendens has been filed;
(3) if an injunction is proper, whether it is necessary under section 48.23(2) and (3), Florida Statutes (1991), for the creditor to furnish a bond.
REVERSED AND REMANDED WITH DIRECTIONS.
ANSTEAD and DELL, JJ., concur.

. At the hearing, the creditors told the judge that the necessary documentation was on its way from Massachusetts and New York. The judge should have either continued the hearing or denied the creditors' ore tenus motion, without prejudice to renew it when the necessary evidence was available.