DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEORGES M. DELBROUCK,** an individual,
Appellant,

v.

**MARIA EBERLING,** as Personal Representative of the Estate of **LEON G. DELBROUCK, AIME GUY DELBROUCK** and **CLAUDE DELBROUCK,**
Appellees.

No. 4D15-135

[October 14, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mel Grossman, Judge; L.T. Case No. PRC140000186.

Stephen Rakusin and Brian C. Valentine of The Rakusin Law Firm A Professional Association, Fort Lauderdale, for appellant.

Scott A. Weiss of Selzer & Weiss, Fort Lauderdale, for appellee Maria Eberling, as Personal Representative of the Estate of Leon G. Delbrouck, Gary L. Rudolf of Rudolf & Hoffman, P.A., Fort Lauderdale for appellee Aime Guy Delbrouck, and John G. Jordan of John G. Jordan, P.A., Fort Lauderdale for appellee Claude Delbrouck.

PER CURIAM.

Georges Delbrouck (the appellant), a beneficiary of the estate of his father (the decedent), appeals a non-final order granting in part the motion of the personal representative (PR) to compel surrender of real property. We reverse and remand for an evidentiary hearing.

The decedent's will left his property equally to his three sons. At the time of the decedent's death, the appellant occupied several parcels of real property that were titled in the decedent's name, including a residence and an automotive repair and sales business. In the appellant's statement of claim filed against the estate, he alleged he and the decedent had operated the business together since 1977, and he continued to operate it after the decedent retired. He claimed a constructive trust in those properties (as well as in other assets). When the PR denied the claim, the appellant filed

an independent action to impose a constructive trust, which remains pending.

Thereafter, the PR moved to compel the appellant to surrender to her the real properties titled in the decedent's name and to cease any business activities on the properties. She alleged he was operating an unlicensed business. Her motion was set for hearing on the judge's motion calendar. The appellant then moved the court to authorize occupancy by the beneficiaries. He cited section 733.607(1), Florida Statutes (2014), which provides in part, "[A]ny real property or tangible personal property may be left with, or surrendered to, the person presumptively entitled to it unless possession of the property by the personal representative will be necessary for purposes of administration." He asked to continue to occupy the disputed properties pending his constructive trust action. He alleged one of his brothers occupied a condominium and the other occupied a warehouse, both titled in the decedent's name, and suggested charging the fair rental value of each occupied property against the appropriate beneficiary's future distributions. His motion was heard at the same time as the PR's motion to compel surrender of property.

Two non-evidentiary hearings were held on the motions, during which the appellant promptly asked that the matter be set for an evidentiary hearing. After the second hearing, the trial court granted in part the PR's motion to surrender real property. It directed the appellant immediately to turn over possession of all real property titled in the decedent, including the personal property within, except that he was not required to vacate the real property where he was residing and the PR initially was not to interfere with the appellant's auto repair business. The appellant was enjoined from transferring any of the decedent's personal or business assets, other than customer assets. The order was temporarily stayed until an evidentiary hearing was held on the appellant's motion seeking a stay during the appeal which the appellant intended to file. After the evidentiary hearing, a stay during the appeal was denied, and the appellant was directed to turn over possession of all real property titled in the decedent to the PR.[1] This appeal followed.

Our review is de novo because the trial court took no evidence. *See Colucci v. Kar Kare Auto. Grp., Inc.,* 918 So. 2d 431, 436 (Fla. 4th DCA 2006) ("To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.").

---

[1] However, according to the appellees, the appellant has been allowed to continue residing in property titled in the decedent.

We conclude that the trial court erred in ousting the appellant from possession and enjoining his business activities without first hearing any evidence. *See Lebioda v. Gastroenterology Grp.*, 544 So. 2d 242 (Fla. 5th DCA 1989) (reversing order granting preliminary injunction where appellant was denied due process by not being allowed to present all his witnesses).

The PR relies on section 733.607(1), Florida Statutes (2014), which provides as follows:

> (1) Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property, except the protected homestead, but any real property or tangible personal property may be left with, or surrendered to, the person presumptively entitled to it unless possession of the property by the personal representative will be necessary for purposes of administration. **The request by a personal representative for delivery of any property possessed by a beneficiary is conclusive evidence that the possession of the property by the personal representative is necessary for the purposes of administration, in any action against the beneficiary for possession of it.** The personal representative shall take all steps reasonably necessary for the management, protection, and preservation of the estate until distribution and may maintain an action to recover possession of property or to determine the title to it.

(emphasis added). The emphasized language establishes that a PR's *need* for the property requested for administration of the estate cannot be contested. We do not construe the statute to mean a personal representative's right to possession or ownership after a decedent's death cannot be contested in a probate proceeding. The very fact that the statute speaks of "conclusive evidence" implies that an evidentiary hearing may be required when the right to possession of a decedent's property is genuinely disputed. If ownership of an asset can be contested during probate, it cannot be the case that a personal representative's assertion of the right to possession can never be challenged.[2]

*Swartz v. Russell*, 481 So. 2d 64 (Fla. 3d DCA 1985), is instructive. In

---

[2] Apart from a claim of ownership, a right of possession can arise under other circumstances; for example, a tenancy under a lease.

*Swartz,* a decedent's children and spouse were disputing ownership and possession of real property used in a restaurant business. *Id.* at 64-65. Because of the conflict and disputes, the administrator ad litem of the estate appointed by the court sought authorization to take possession of all real property, including the restaurant. *Id.* at 65. One of the sons objected, because he claimed that he had an oral agreement to purchase the business and property from his brother and mother, and he had an oral lease on the property. *Id.* The trial court ordered the administrator to take possession after a non-evidentiary hearing in which the court concluded that there were no factual issues as to the administrator's right of possession. *Id.* The appellate court reversed, concluding that because there were factual disputes as to whether the oral agreements had been partially performed, and thus were enforceable, the probate court erred in ordering that the administrator take possession without affording an evidentiary hearing on the factual issues which would determine the right of possession. *Id.* at 66.

We agree with the appellant that section 733.607 does not eliminate the need to take evidence where a colorable factual issue exists over the right to possession of property, even if titled in the name of the decedent.[3] *See id.*; *see also Buchanan v. Sullivan,* 620 So. 2d 1301, 1302 (Fla. 4th DCA 1993) (reversing temporary injunction because no evidence had been presented to the judge); *Kountze v. Kountze,* 20 So. 3d 428, 434 (Fla. 2d DCA 2009) (reversing, due to deficiency in pleading and proof, an order obtained by the personal representative of an estate which required a trust beneficiary and the successor trustee to maintain the status quo of assets claimed to be in an inter vivos trust, where the personal representative claimed the assets belonged in the estate).

We conclude that, when property is titled in a decedent, but another claims a colorable right to possess the same property, the question of who should temporarily possess the property, pending final resolution of the claim of entitlement, is a factual question that should be resolved by a prompt preliminary evidentiary hearing. In ruling on the question of temporary possession, pending a final decision as to possession or ownership, the probate court has broad discretion to determine the responsibilities of the personal representative and the person claiming a right to possession, with respect to maintaining and using the property. "A circuit court, sitting in its probate capacity, has inherent jurisdiction to monitor the administration of an estate and to take such appropriate

---

[3] It was not clear that all the personal property in question was in the decedent's name; one of the appellant's brothers conceded that at least some of the vehicles on the automotive business property were not titled in the decedent's name.

action as it may deem necessary to preserve the assets of the estate for the benefit of the ultimate beneficiaries." *Estate of Conger v. Conger*, 414 So. 2d 230, 233 (Fla. 3d DCA 1982). Should the probate court determine that a person or entity other than the personal representative is entitled to possession pending final resolution of possession or ownership (or pending distribution of the assets of the estate to the beneficiaries), the probate court may make appropriate determinations and craft appropriate conditions, such as the right of the personal representative to inspect and photograph a property and its contents, the right of the personal representative to co-possess the property, the need to insure property, who must pay for such insurance, the need to post a bond, and so forth.

We reverse and remand for the trial court to conduct an evidentiary hearing. In this case, as there has been a hearing on the motion to stay, the trial court may consider any relevant evidence already presented at that hearing.

*Reversed and remanded for further proceedings.*

CIKLIN, C.J., WARNER and CONNER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***

5