IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SOOKSIRI RITTIRUCKSA,

       Appellant,

 v.                                                                                    Case No.  5D18-849

PATRICIA ANN BARRETTE, INDIVIDUALLY
AND AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF WILLIAM B. LOWE,

       Appellee.
_____/

Opinion filed October 12, 2018

Non-Final Appeal from the Circuit Court
for Sumter County,
Michelle T. Morley, Judge.

Christian W. Waugh, of Waugh Law, P.A.,
The Villages, for Appellant.

Todd J. Mazenko and Adam M. Trumbly, of
Bowen, Schroth, Mazenko & Broome, P.A.,
Eustis, for Appellee.

PER CURIAM.

Sooksiri Rittirucksa appeals a non-final order granting a temporary injunction in favor of Patricia Barrette in a probate proceeding. We reverse and remand for an evidentiary hearing.

To obtain injunctive relief, Barrette was required to establish the likelihood that she would suffer irreparable harm, the unavailability of an adequate remedy at law, a substantial likelihood of her success on the merits, and consideration of the public

interest. <u>Avalon Legal Info. Servs., Inc. v. Keating</u>, 110 So. 3d 75, 80 (Fla. 5th DCA 2013). Barrette's motion for injunctive relief was unsworn, and thus, the trial court was required to conduct an evidentiary hearing prior to granting injunctive relief. <u>See</u> <u>Delbrouck v. Eberling</u>, 177 So. 3d 66, 68–69 (Fla. 4th DCA 2015) (reversing and remanding for an evidentiary hearing because trial court issued temporary injunction without taking evidence). Furthermore, in granting a temporary injunction, the trial court must make factual findings to allow for a meaningful review on appeal. <u>Salazar v. Hometeam Pest Def., Inc.</u>, 230 So. 3d 619, 621–22 (Fla. 2d DCA 2017). Neither occurred in this case.

Accordingly, we reverse the injunction and remand for the trial court to hold an evidentiary hearing and enter an order with sufficient factual findings.[1]

REVERSED AND REMANDED.

COHEN, C.J., ORFINGER and WALLIS, JJ., concur.

---

[1] Because we reverse the injunction on these grounds, we do not find it necessary to address the remaining issues raised.