# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1460
Lower Tribunal No. 16-1219
_____

**The Shir Law Group, P.A., et al.,**
Appellants,

vs.

**Dario Carnevale, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

ADR Miami LLC, and Juan Ramirez, Jr.; Robert E. Menje, PLLC, and Robert E. Menje (Pembroke Pines), for appellants.

Kozyak Tropin & Throckmorton LLP, and Javier A. Lopez, and John I. Criste, Jr., and Rasheed K. Nader, for appellees.

Before FERNANDEZ, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Before us for review is the lower court's order granting a motion filed by Appellees Dario Carnevale, Esq., and Flavia Carnevale, Esq., entitled "Emergency Motion for Temporary Injunction." We reverse.

On the evening of September 2, 2020, the Carnevales filed an Emergency Motion for Temporary Injunction that was neither sworn to nor verified. Approximately 18 hours later, on September 3, 2020, the court held a hearing on the motion.[1] Despite Appellants' request prior to the hearing for additional time to review and prepare and then, at the hearing, for the court to hold an evidentiary hearing, the lower court declined Appellants' request and specifically stated that "this is not an evidentiary hearing." At the conclusion of the hearing, the court orally granted the motion, and on September 9, 2020, the court entered a written order that is the subject of this interlocutory appeal.[2]

Appellees urge us to interpret the order only as one enforcing an existing, court-ordered constructive trust—not as one granting an injunction.[3]

---

[1] On the morning of September 3, 2020, Appellants were notified via email that the hearing on the injunction would take place at 1:30 that same day.

[2] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B), which authorizes review of interlocutory orders that "grant, continue, modify, deny, or dissolve injunctions . . . ."

[3] Appellees reference an order entered February 10, 2020, granting their motion for partial summary judgment imposing a constructive trust. We

2

We decline to do so. Courts are presumed to say what they mean whether orally or in writing. Appellees filed a motion entitled "Emergency Motion for Temporary Injunction." The lower court held a non-evidentiary hearing and then entered an order entitled "Order on Carnevlaes' Emergency Motion for Temporary Injunction" granting the motion. The court made the following three findings:

1. On February 10, 2020, this Court imposed a constructive trust over Unit E-209 at the Miami Beach Club Condominium Association for the Carnevales' benefit.

2. The Defendants (The Shir Law Group, P.A., Guy M. Shir, Stuart J. Zoberg, ZTJ Recovery, Inc., and Jodi Shir) shall not sell, transfer, or facilitate the sale or transfer of Unit E?209 [sic], individually or as part of a larger transaction, without prior authorization from *this* Court.

3. Compliance with this Order, as with all Court orders, is not optional. Failure to comply with this Order will result in sanctions.

---

recognize that a temporary injunction lies to freeze the res of an alleged constructive trust upon a showing that the res is in probable danger of dissipation and that there is a reasonable likelihood of success on the merits with respect to the constructive trust claim. See Korn v. Ambassador Homes, Inc., 546 So. 2d 756 (Fla. 3d DCA 1989). However, there has been no such showing here because no evidentiary hearing was held. Further, the order granting Appellees' emergency motion for temporary injunction exceeds the scope of the February 10, 2020 order granting their motion for partial summary judgment.

3

Injunctions are governed by Florida Rule of Civil Procedure 1.610, which provides as follows:

**(a) Temporary Injunction.**

(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:

(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.

(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing. Every temporary injunction granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk's office and shall define the injury, state findings by the court why the injury may be irreparable, and give the reasons why the order was granted without notice if notice was not given. The temporary injunction shall remain in effect until the further order of the court.

**(b) Bond.** No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined. Unless otherwise specified by the court,

the bond shall be posted within 5 days of entry of the order setting the bond. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court may require or dispense with a bond, with or without surety, and conditioned in the same manner, having due regard for the public interest. No bond shall be required for issuance of a temporary injunction issued solely to prevent physical injury or abuse of a natural person.

**(c) Form and Scope.** Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.

We reverse the order granting the temporary injunction because the lower court entered the order in contravention of Rule 1.610. There was insufficient notice, Appellant's request for an evidentiary hearing was denied, the order failed to contain sufficient factual findings to support each prong of the four-part injunction test, and the lower court failed to set an appropriate bond. See Eldon v. Perrin, 78 So. 3d 737, 738 (Fla. 4th DCA 2012); Cushman & Wakefield, Inc. v. Cozart, 561 So. 2d 368, 370 (Fla. 2d DCA 1990); Rittirucksa v. Barrette, 254 So. 3d 1194, 1194-95 (Fla. 5th DCA 2018) ("Barrette's motion for injunctive relief was unsworn, and thus, the trial court was required to conduct an evidentiary hearing prior to granting injunctive

relief."); <u>Florida High School Activities Ass'n, Inc. v. Mander ex rel. Mander</u>,

932 So. 2d 314 (Fla. 2d DCA 2006).

Reversed and remanded.